## James Bryant *v.* Mercy P. Clark.*

### *Voluntary Payment.*

The plaintiff voluntarily, and without the request of the defendant, paid taxes assessed on real estate in the possession of the defendant, who had the equitable title thereto, but the legal title of which was in the plaintiff, who claimed to own the equitable title also, and denied the title of the defendant, and her right of possession. *Held,* that the plaintiff could not recover of the defendant for the money thus paid.

Assumpsit. Plea, the general issue, and trial by the court, May term, 1871, Barrett, J., presiding.

* This case was decided at the February term, 1872.

The plaintiff claimed to recover for an alleged breach of contract to deliver saw-logs, and the court ruled that the plaintiff could not recover therefor; but no question was made in this court as to the correctness of that ruling.

The plaintiff also claimed to recover for taxes paid by him on certain real estate described in a deed from him to the defendant, delivered as an escrow, dated June 2, 1866, which were assessed after the date of said deed, and before the delivery thereof, which was made on the 15th of July, 1869, in obedience to a decree of the court of chancery dated July 12, 1869. The defendant was in possession of said premises from the date of said deed, claiming the rights thereto which were accorded to her by said decree. The plaintiff refused the delivery of said deed to the defendant, claiming that the title of said premises was legally and equitably in him, and that the defendant had no title, or right of possession. The plaintiff paid said taxes as owner of said premises, voluntarily, without the request of the defendant. The collector never called upon the defendant for the payment thereof; nor did the plaintiff, prior to the commencement of this suit, inform the defendant of the amount paid by him, or request her to pay the same. The other facts are sufficiently stated in the opinion of the court. Judgment for the defendant, *pro forma*, and exceptions by the plaintiff.

*Sewall Fullam*, for the plaintiff.

The defendant was in the possession and use of the lands taxed, claiming them in equity: the plaintiff had the legal title, and denied the defendant's equity; but the court of chancery awarded the lands to the defendant. During this controversy, the plaintiff paid the taxes, which were assessed to him, but which the defendant in equity was bound to pay. If the action lies for money which *ex equo et bono* the defendant ought to refund, or for money paid by mistake, it is difficult to see why the plaintiff should not recover. But, it is said, the plaintiff did not demand payment before suit brought. The defendant knew she did not pay the taxes, and that the plaintiff had the legal title,—therefore, notice to her of the payment of the taxes by the plaintiff is to be presumed.

*F. C. Robbins* and *W. C. French*, for the defendant.

The plaintiff paid the taxes of his own wrong, and cannot recover therefor. A demand was necessary before suit brought. Buller N. P. 147 ; *Hall & Chase* v. *Peck & Co.* 10 Vt. 474 ; *Mattocks* v. *Lyman et al.* 16 Vt. 113, 118 ; S. C. 18 Vt. 98. This question is *res judicata*, and was conclusively settled in the chancery suit. 2 Parsons Cont. 234 ; 2 Kent Com. 120.

The opinion of the court was delivered by

PECK, J. No question is made by the plaintiff's counsel in relation to the ruling of the county court against the claim of the plaintiff for the alleged breach of contract for the delivery of the saw-logs.

The only question presented for the consideration of this court is, whether the county court erred in holding, upon the facts stated, that the plaintiff was not entitled to recover for the taxes paid by him upon the real estate mentioned in the exceptions, assessed while the title to the estate was in the plaintiff, and which was subsequently conveyed to defendant by the plaintiff in obedience to a decree in chancery, obtained in the suit of this defendant against this plaintiff. The facts make a case of voluntary payment on the part of the plaintiff, without request, and without promise of repayment on the part of the defendant. It cannot be regarded as a compulsory payment, since whatever supposed compulsion there was, was by the plaintiff's own voluntary procurement. Nor can the case, upon the facts, be brought within the principle applicable to the recovery for money paid by mistake. Even if a *bona fide* mistake on the part of the plaintiff in relation to his right to withhold from the defendant the title of the land, and denying her right to possession, could avail the plaintiff in this suit, no such mistake is found by the county court, and it cannot be inferred by this court ; the intendment would rather be the contrary, and that he acted in his own wrong in the matter. Therefore, without looking into the particulars of the proceedings in the chancery suit, further than they are disclosed in the exceptions, there appears no legal ground on which to rest the plaintiff's claim to recover for the taxes paid by him. On in-

spection of the proceedings in that cause, it appears, among other things, that June 2, 1866, the defendant paid the plaintiff two hundred dollars towards the consideration for the premises, and gave him her promissory note for one hundred and seventy-four dollars, on demand with interest, for the balance thereof; and at the same time the plaintiff executed a deed to the defendant of the premises; and the note and deed were deposited in the hands of Samuel Peabody for safe keeping, and to be delivered to the defendant on the payment of the note—that on the 10th October, 1866, the defendant tendered the amount of the note and interest to the plaintiff, and demanded the delivery of the deed and the note, which was refused by the plaintiff; whereupon this defendant commenced her bill in chancery mentioned in the exceptions. This plaintiff resisted that suit on several grounds; one of which was, that the note was to have been paid by July 1, 1866; also upon the ground that the fulfillment on the part of the defendant of the contract for the delivery of the saw-logs mentioned in the bill of exceptions, was a condition precedent to the delivery of the deed; and on the further ground that the parties had verbally rescinded the contract in relation to the conveyance of the land to the defendant. All these matters of defense failed upon the proofs in the case, and it appearing that the money tendered had been paid into court in that cause, this defendant had a decree for the unconditional delivery of the deed, and for costs of suit. The taxes in question were assessed pending that controversy; and although the mere payment of them by the plaintiff enured to the benefit of the defendant, and might seem to create an apparent equity in favor of the plaintiff, yet, viewed in connection with the assertion of the unfounded claim under which he made the payment, the whole together very likely was a detriment instead of a benefit to this defendant. And very likely this was the view the court entertained in the decision of the suit in chancery. In that case, this plaintiff alleged in his answer the payment of these taxes by himself, (at least, so much of them as had accrued at that time), and had the court thought it equitable, it might have been made a condition of the decree for the delivery of the deed to this defendant, that she should make the plaintiff good in

the matter of these taxes. The omission of that court to make any such order in the chancery cause, leaves it to be inferred that the court, upon the whole case, did not consider that equity required it. If in equity this plaintiff is not entitled to recover for such payment, clearly he cannot recover at law. But if it be assumed that the court, in the decision of the cause in chancery, did not pass upon this matter, but intended to leave this plaintiff to his remedy at law, if any, the result is the same, as the record of the suit in chancery, at least, does not disclose any thing to aid the plaintiff in this action.

Judgment affirmed.