## THE ESTRAY CASES.

### WILLIAM NICHOLS v. THE STATE.

The estray laws were suspended by the act of the 7th of April and 7th of December, 1863, (Paschal's Dig., Arts. 3700, 3702,) until six months after peace should be concluded.

When the people of Texas grounded arms, or surrendered, the term "war," in the sense in which it was used in those statutes, may be said to have ended, and this fact the court is presumed to know historically.   (See Estray Cases, 28 Tex., 632.)

It is not material that the indictment should state that it was presented in a particular county, and it was so ruled in the Road cases.   (*Ante, p.* 503.)

APPEAL from Ellis.   The case was tried before the Hon. JOHN J. GOOD, one of the district judges.

The defendant was indicted for that, on the 10th April, 1866, &c., he did, without complying with the laws regulating estrays, take up and use and sell one brown horse of the value of $100, the owner of the said horse being to the grand jurors unknown, and the same being then and there estray.   The jury found a verdict of guilty, and assessed the fine at $15.   The defendant moved an arrest of judgment, that the indictment stated no offense, that the estray laws were not in operation, and the indictment was not shown to have been presented in the county of Ellis, nor in any court having jurisdiction.   The motion being overruled, the defendant appealed.

*A. Kemble*, for the appellant, cited Code of Criminal Procedure, article 395.

*William Alexander, Attorney General*, for the state, cited Paschal's Digest, note 720, p. 510.

LINDSAY, J.—The indictment in this case we think good and sufficient. The offense of taking up, using, and selling an estray, without complying with the laws regulating estrays, is charged to have been committed on the 10th of April, 1866. Although the estray laws were suspended by the act of the 25th of February, 1863, and by the act of the 7th of December, 1863, during the then existing war, and until six months after peace should be concluded, that period had fully elapsed when this offense is charged to have been committed, and the statutes were then in full force and operation. When the people of Texas grounded arms, or surrendered, the term "war," in the sense in which it was used in those statutes, may be said to have ended. This fact the court is presumed to know historically. So, the statute being in full force, the penalty could not be dormant and inoperative.

The third exception to the verdict and judgment of the court below is answered in the opinion of the court, pronounced at the present term, in the three cases of the State v. Forrest, McCartney, and Boren, brought up by appeal from the same county. [*Ante, p.* 503.] The court not being able to discover any fatal error in the verdict and judgment of the court below, the judgment is

AFFIRMED.