CARPENTER v. LIPPITT, *Appellant.*

1.  **Dogs.** Under the statute, (R. S. 1879, § 5434,) it is lawful for any person to kill a dog which has killed or maimed a sheep or other domestic animal; it is not necessary that the dog should be upon the premises of the owner of such animal, nor in the act of killing, nor that he should have killed more than one such animal, nor that the owner of the dog should have had notice of the killing.

2.  **Depositions.** Under the statute, (R. S. 1879, § 2157,) to authorize the reading of the deposition of a witness residing in the county, it

is not enough to show that he has gone to a greater distance than forty miles from the place of trial, but it must also be shown that such absence is without the consent, connivance or collusion of the party offering his testimony.

*Appeal from Linn Circuit Court.*—The case was tried before C. BOARDMAN, ESQ., sitting as Special Judge.

REVERSED.

*A. W. Mullins* for appellant.

*H. Lander* for respondent.

HENRY, J.—This suit originated in a justice's court, and was for the recovery of double damages for the killing of plaintiff's dog by defendant. From a judgment against him in the justice's court, plaintiff appealed to the circuit court of Linn county, where he obtained a judgment, from which defendant has appealed. At the trial in the circuit court, plaintiff offered evidence of the value of the dog which defendant admitted he killed on his own premises. Defendant then introduced evidence tending to prove that the dog had frequently chased, worried and killed defendant's sheep, on his farm, and that he was killed on defendant's premises. The plaintiff, in rebuttal, introduced evidence tending to prove that his dog had never chased, worried or killed any of defendant's sheep, and had not returned to defendant's premises at the time he was killed, to do any mischief. This was all the evidence offered, except the deposition of one Jno. Burnes, taken and offered by defendant, which the court excluded, which ruling will be hereafter noticed.

For plaintiff the court instructed the jury:

1. That the law recognizes the right of property in dogs; and if the jury find from the evidence that defendant caused the plaintiff's dog to be killed, as complained of, then plaintiff is entitled to recover from defendant the full value of the dog, as shown by the evidence, at the time

of the killing, unless the jury should further find from the evidence that the dog was at the time of such killing in the act of running, maiming, injuring or killing defendant's sheep or other domestic animals; or that the dog had, prior to the killing, injured, maimed or killed any such domestic animals of defendant, and that plaintiff had notice thereof before such killing.

2. The mere fact that the dog was on defendant's premises at the time of the killing complained of, will not justify defendant in causing the dog to be killed, but to justify such killing the jury must further believe from the evidence that the dog had prior to that time chased, injured, maimed or killed defendant's sheep or other domestic animals, and that plaintiff had notice thereof; or that the dog was, at the time of such killing, in the act of chasing, injuring, maiming or killing such domestic animals of defendant.

3. Unless the jury find from the evidence that the dog, prior to the time defendant caused him to be killed, had chased, injured, maimed or killed the sheep or other domestic animals of defendant and that plaintiff had notice thereof, or that the dog at the time of the killing was in the act of running, injuring, maiming or killing such domestic animals of defendant, the jury are bound to find their verdict for plaintiff in some amount, even though it may not be greater than nominal damages.

The court of its own motion gave the following instruction:

2. If the jury believe from the evidence that at any time before defendant had plaintiff's dog killed, said dog had destroyed some of defendant's sheep or lambs, and that the dog had returned upon defendant's premises apparently for the purpose of destroying other sheep, although at the time the dog was so killed he was not in the very act of destroying or worrying the sheep, then defendant was justified in killing said dog, and the jury should find their verdict for defendant.

Carpenter v. Lippitt.

The following asked by defendant were refused :

1. If the jury believe from the evidence that plaintiff's dog had killed, maimed or worried defendant's sheep or any of them before said dog was killed by defendant's directions, then defendant had the right to kill or cause said dog to be killed, and the verdict must be for defendant.

2. If the jury believe from the evidence that at any time before defendant had plaintiff's dog killed, said dog had destroyed some or any one of defendant's sheep or lambs, and that the dog had returned upon defendant's premises apparently for the purpose of destroying or worrying other sheep, although at the time the dog was so killed he was not in the very act of destroying or worrying the sheep, then defendant was justified in killing said dog, and the jury should find their verdict for defendant.

4. The jury are instructed that in determining the question as to whether or not plaintiff's dog was of any actual or real value at the time he was killed, they should take into consideration the habits and qualities of the dog in all respects as disclosed by the evidence in the case.

5. If from all the evidence in the case the jury believe that the dog in question was of no actual or real value, then the jury are bound to find their verdict for defendant.

The instructions for plaintiff held defendant responsible, unless at the time the dog was killed he was in the act of worrying, maiming, injuring or killing defendant's sheep, or prior to that time had done so, and plaintiff had notice of that fact.

1. DOGS.

Section 9 of the act entitled "An act to provide for the registering and licensing of dogs," approved April 13th, 1877, (Sess. Acts 1877, p. 326,) provides that "In every case where sheep or other domestic animals are killed or maimed by dogs, the owner of such animal may recover against the owner or keeper of such dog or dogs the full

amount of damages, and the owner shall forthwith kill such dog or dogs; and for every day he shall refuse or neglect to do so, (after notice,) he shall pay and forfeit the sum of $1; and it shall be lawful for any person to kill such dog or dogs." This is an act of outlawry against sheep-killing dogs, and there is nothing in the section which restricts the right of the owner of sheep killed, to kill the dog when taken in the act of killing the sheep, or when found on the premises of the owner of the sheep. Not only the owner of the sheep killed, but any one, under the statute, may kill the dog which has killed sheep, and this construction of the statute justifies the remark, that it is an act of outlawry against sheep-killing dogs.

All of the instructions for plaintiff were, therefore, erroneous. That given by the court of its own motion, taken in connection with the refusal to give the second asked by defendant, indicates the view of the court to have been, that the right to kill the dog did not arise from the killing of one sheep, but only when more than one were killed. While only the plural number is used in the statute in relation to sheep and other domestic animals, it is not to receive the narrow and literal construction which seems to have been placed upon it by the circuit court. Bishop on Statutory Crimes, § 213; *Hall v. State,* 3. Kelly 18; *Comm. v. Messenger,* 1 Binney (Pa.) 273; *Nichols v. State,* 30 Texas 515. The second instruction asked by defendant should, therefore, have been given without the modification made by the court. The right to kill the dog exists under the statute, whether the owner had notice that he had killed the sheep or not. The provision with regard to notice relates exclusively to the penalty of $1 for every day that the owner shall neglect or refuse to kill the dog. All of plaintiff's instructions announced the contrary, and were for this additional reason erroneous.

We do not think the court erred in excluding Jno. Burnes' deposition. One of the conditions upon which a 2. DEPOSITIONS.    deposition may be read to the jury is, that

the witness, if he reside in the county, is more than forty miles distant from the place of trial without the consent, connivance or collusion of the parties offering the deposition. The deponent resided in Linn county. This is shown by the testimony of Mrs. Severance, and it was not enough to show his absence, but also that such absence was without the consent, connivance or collusion of the defendant. For the errors in the giving and refusing of instructions the judgment is reversed and the cause remanded. All concur.