MARTHA J. BRAUER ET AL., Respondents, v. ALBERT M. ENGLISH, Appellant.

St. Louis Court of Appeals, April 6, 1886.

1. DAMAGES—EVIDENCE—SHEEP-KILLING DOGS.—In an action for damages for killing the plaintiff's dog, the defendant may show that at the time he killed the dog it was chasing his sheep.

2. ——— STATUTES—CONSTRUCTION OF.—The act of March 19, 1881, to discourage the keeping of sheep-killing dogs, etc., does not limit a sheep owner's right to defend his sheep in danger of being immediately killed by a dog, by killing the dog, if necessary.

APPEAL from the Cape Girardeau County Circuit Court, J. D. FOSTER, Judge.

*Reversed and remanded.*

R. P. WILSON and R. B. OLIVER, for the appellant: The defendant may show any circumstance in mitigation of the injury done by his trespass ; and the defendant having shot the plaintiff's dog while he was worrying the defendant's sheep, this fact, and the habits of the animal, are admissible in evidence for the defendant in the estimation of damages. 2 Greenleaf on Evid. (2 Ed.) p. 278, sect. 273 ; *Wells v. Head*, 4 C. and P. 568; *Brown v. Hoburgee*, 52 Barb. 15; *King v. Kline*, 6 Barr, 318; *Woolf v. Chalker*, 31 Conn. 121. Waterman on Trespass, sects. 906, 907, and cases cited.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff, Martha J. Brauer (with whom her husband is joined as a co-plaintiff), sued before a justice of the peace for the wrongful and malicious killing of her dog, claiming damages in the sum of fifty . dollars. On an appeal to the circuit court, a jury gave her a verdict for the amount claimed.

The defence was, that the dog had been killing some of the defendant's sheep, and was in the act of worrying others when shot by the defendant. The following question, put to the defendant as a witness, was, on the plaintiff's objection, excluded for irrelevancy and incompetency: "State what this dog was doing when you killed him." This exclusion was error. The defendant had an unquestionable right to show that the killing of the dog was necessary in the protection of his own property, and, of course, he could not do this, if not permitted to prove the circumstances under which the act was done.

The court instructed the jury: "Even though you may believe from the evidence that plaintiff's dog killed. or maimed one or more of defendants sheep defendant had no legal right to kill him, unless you shall find from the evidence that defendant, before shooting the dog, notified plaintiff in writing of the fact that he had killed or maimed such sheep, etc." The instruction makes no exception in favor of a killing done while the dog was in the very act of destroying the defendant's property. It appears to have been given from a totally mistaken view of section seven of "An act to discourage the keeping of useless and sheep-killing dogs, and to provide indemnity for damages done by same," approved March 19, 1881. (Sess. Acts '81, p. 127). This reads as follows: "In every case where sheep are killed or injured by any dog or dogs the owner, keeper, or harborer of such dog or dogs shall forthwith kill the same, and for each day he shall refuse or neglect to do so, after receiving notice in writing, he shall forfeit to the county the sum of one dollar, to be paid into the county treasury to become a part of the permanent school fund of the county, and it shall be lawful for any person to kill such dog or dogs."

Not a word in this statute indicates a purpose to abridge or limit the common law right of every sheep owner to protect his property while in actual peril from

the savage attack of a marauding animal, even, if necessary, at the expense of the life of such animal.    The very title of the act shows that its purpose is to enlarge the common law rights of the sheep owner, and to impose new duties and restraints on the owners of sheep-killing dogs.    The form of the instruction, taken in connection with the court's exclusion of testimony offered by the defendant, indicates that the court held the sheep owner's right to protect his property, even when in imminent peril, to have been so modified by the statute, that he could not exercise it without a previous notice in writing.    Such may well have been the impression conveyed to the minds of the jury, and yet nothing could be further from the intent of the law.    The provision for a notice in writing has exclusive reference to a case wherein the mischief done by the dog has occurred at some time previous to the act of killing the marauder. Even by the common law, the slayer might, in such a case, prove in mitigation of damages the previous derelictions of his victim.

We think that the court erred in the exclusion of testimony offered by the defendant, and that the instruction as given, was calculated to mislead the jury.

The judgment is, therefore, reversed and the cause remanded, with the concurrence of all the judges.