WRIGHT GILLUM, Appellant, v. HARVEY W. SISSON, Respondent.

St. Louis Court of Appeals, April 4, 1893.

**Destruction of Dogs Trespassing on Premises.**   A person has no right to put out poisoned meat in his own inclosure for the purpose of killing the dogs of others, merely because such dogs are trespassing on his premises.

*Appeal from the Pike Circuit Court.*—HON E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Clark & Dempsey* and *Mayor & Stewart*, for appellant.

(1) The statute, section 4512, points out the remedy where sheep are killed by dogs. This does not dispense with the rule requiring proof as to the particular dog or dogs doing the killing. It does not give anyone the right to kill trespassing dogs without regard to fact whether they have been or are killing or injuring stock. It rather supplements the common law in this, that it has effect to deny the right to kill dogs that have not or are not engaged in killing or injuring stock. (2) The respondent had no right to kill appellant's dogs under the circumstances disclosed in evidence. *Townsend v. Wathen*, 9 East, 149, 277; *Johnson v. Patterson*, 14 Conn. 1; Bishop on Non-Contract law, p. 440, sec. 943; *Wheatley v. Harris*, 4 Sneed, 468; *Dodson v. Mock*, 4 Dev. & B. 146; *Matthews v. Fiestel*, 2 E. D. Smith, 90; *Brent v. Kimball*, 60 Ill. 211; *Livermore v. Batchelder*, 141 Mass. 179; *Gibbons v. Van Alstyne*, 9 N. Y. S. 156.

*Fagg & Ball*, for respondent.

ROMBAUER, P. J.—The only question entitled to consideration, which is presented by the record, is whether the cause was submitted to the jury on proper instructions under a state of facts touching which there is no substantial controversy in the evidence.

Some of the defendant's sheep were killed by dogs in the defendant's pasture. The evidence tended to

show that dogs other than those of plaintiff did the injury. The defendant thereupon confined his sheep in a barn, and put out some poisoned meat in the immediate vicinity of the barn in a fenced stable lot, fastening the gates of the inclosure. This meat was put out during several successive nights, and was removed in the day time. There was inferential evidence tending to show that three valuable fox hounds, the property of the plaintiff, died of poison and were found in the vicinity of the defendant's premises. The plaintiff and defendant lived more than a mile apart, measuring the distance along a public road, but nearer when measuring the distance across fields. The defendant's barn was about eighty yards from a public road. There was evidence tending to show that the defendant notified several persons of the vicinity that he had put out the poison, but no evidence that the plaintiff had notice or knowledge of that fact.

The plaintiff brought this action to recover the value of the dogs thus lost, claiming that they were wantonly and maliciously killed by the defendant. The jury found a verdict for the defendant, and the appealing plaintiff assigns for error that the verdict was the result of erroneous instructions.

The court gave an instruction upon defendant's request and one upon its own motion, but, as there is no substantial difference between the two, and as the latter fully states the theory of law applicable to the facts on which the court submitted the cause to the jury, we deem it sufficient to set that instruction out in full. It is as follows:

"The court instructs the jury that in this case the burden of proof rests upon the plaintiff to show to the reasonable satisfaction of the jury, from the weight of evidence in the case, that the defendant, in the month of September, 1891, placed poison upon parcels of

meat, and deposited such meat upon his (defendant's) enclosed premises, and that such meat was scented sufficiently to attract the notice of dogs beyond and outside of defendant's premises, or if said meat was placed by defendant in the vicinity of the remains of some sheep, and that such remains were of sufficiently strong odor to attract the notice of dogs beyond the premises of defendant; and if the jury further find that the dogs of plaintiff were allured or enticed upon the premises of defendant by said meat, or by the carcasses of said sheep, and then found the said meat, and that said dogs were killed by eating said meat, and that said dogs so killed were of some value; if the plaintiff has so proven, the verdict will be for him. But, although the jury may believe the defendant deposited poison upon his own premises, as stated above, and that plaintiff's dogs were killed by entering upon the premises of defendant and eating the meat containing said poison, yet if the jury find from the evidence that the plaintiff's dogs were not attracted and enticed upon the premises of defendant by said meat, or the carcasses of dead sheep in the vicinity of said meat, but came upon defendant's premises unattracted and unallured by said meat or sheep carcasses, the defendant is not liable, and the verdict will be for the defendant."

It will be seen by the evidence above set out that there was no evidence in the case that the plaintiff's dogs had killed the defendant's sheep, so as to bring the case within the provisions of chapter 54 of the Revised Statutes of 1889, nor was the case put to the jury on any such theory. The instructions of the court assumed that the defendant had a right to put out poisoned meat with the intention of killing dogs trespassing upon his premises and threatening the safety of his sheep, provided the odor of the bait would not pass beyond the boundaries of his land. This instruction is

fanciful and untenable. Every man has at common law a right, in guarding the safety of his property, to use such force as is necessary for its protection, and no more. Thus it was held that one has no right to mix arsenic with meal to destroy chickens trespassing in his fields, and, if he does so and thereby poisons the poultry of another, he is answerable for it, even though he has given notice to the plaintiff of his intention to do so. *Johnson v. Patterson*, 14 Conn. 1. In *Livermore v. Batchelder*, 141 Mass. 179, it was held that, where a dog of the plaintiff was killed by the defendant while chasing his hens, the latter was justly answerable in damages, unless the jury found that the defendant had reasonable cause to believe that it was necessary for him to kill the dog in order to prevent him from killing the hens. These cases sufficiently indicate the proper line of demarcation.

A careful writer remarks: "Assuming that a man may set on his land spring guns as a protection against trespassing men who have notice of them, there appears to be no corresponding doctrines as to their trespassing animals; for the owner of an animal cannot teach it the precautions which he might himself exercise." Bishop on Non-Contract Law, sec. 943. There is no law in this state requiring an owner to confine dogs at his peril, nor is there any law which justifies another person in killing them, unless this is necessary for the protection of his property, or the case falls within the statute.

In the case at bar all the evidence concedes that the poison was put out by the defendant for killing dogs trespassing on his premises. If the defendant had reason to anticipate that the plaintiff's dogs would be among the number, the jury would be warranted in finding from the evidence that the poison was put out

with the intent of killing plaintiff's dogs, and hold the defendant liable. *Townsend v. Wathen*, 9 East, 277. If, upon the other hand, upon a retrial of the cause, the evidence should disclose that the plaintiff's dog killed the defendant's sheep, then the plaintiff under the statute had a right to kill the dogs, and the method adopted in so doing is immaterial.

For misdirection of the jury the judgment must be reversed, and the cause remanded. So ordered. All the judges concur.