J. W. WOOLSEY, Respondent, v. JOHN HAAS, Appellant.

St. Louis Court of Appeals, February 4, 1896.

Animals: RIGHT OF PROPERTY IN DOGS. The law of this state recognizes the right of property in dogs.

*Appeal from the Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*C. D. Jamison* and *Robert Merriwether* for appellant.

No brief filed for respondent.

BIGGS, J.—The defendant is charged in the complaint with shooting and wounding the plaintiff's dog, for which the plaintiff brought this action for damages. The cause was submitted to the court without the intervention of a jury.  The evidence for plaintiff tended to prove that the defendant shot the dog while trailing a deer through his premises.  The evidence for the defendant was, in substance, that the dog was on his farm at the time he shot him; that he was not trailing a deer, and that he had reason to believe, and did

believe, that the dog was about to attack his sheep, which were in an adjoining inclosure. There was some proof that the dog was inclined to wander through the neighborhood, and that he had been known to attack live stock. The plaintiff asked no instructions. At the instance of the defendant the court instructed in substance that, if the defendant had reasonable ground to apprehend that his sheep or other live stock then on his premises were in danger of attack by the dog, then he had the right to use all reasonable means for driving the dog from the premises, and that, if in the use of such means the dog was injured, the defendant would not be liable therefor. An instruction was also given to the effect that, if the plaintiff's dog was shown to be a sheep-killing dog, then there could be no recovery. There was a judgment for the plaintiff for $1, and the defendant has appealed.

The difficulty, under which the defendant labors, is that as to the material facts the evidence was conflicting, and the court as a trier of the facts found the issues against him. The instructions, which were given, fairly presented the law. Those which were asked, and refused, were properly refused. No complaint is made, except as to the one which in effect declared that the law does not recognize the right of property in dogs, which is not the law in this state. *Brauer v. English*, 21 Mo. App. 490; *Carpenter v. Lippitt*, 77 Mo. 242; *Gillum v. Sisson*, 53 Mo. App. 516.

The judgment will be affirmed. All the judges concur.