ED. J. FENTON, Respondent, v. J. M. BISEL, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1. **Dogs:** UNLAWFUL KILLING: DEMURRER TO EVIDENCE. Though appellant's abstract is incomplete it contains sufficient to send the case to the jury and authorize a verdict for the unlawful killing of plaintiff's dogs.

2. ———: ———: INSTRUCTIONS: TRESPASS. In this state dogs are property and no one has a right to kill them except for just cause, such as to protect one's property, but they may not be killed simply because they are found on one's land. The instructions in this case are approved.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

L. E. CARTER for appellant.

(1) The court erred in not sustaining Appellant J. M. Bisel's demurrer to the evidence of respondent, which appellant offered at the close of plaintiff's evidence on the trial of this case. Aldrich v. Wright, 16 Am. Rep. 339; 53 N. H. 398; Wright v. Ramscot, 1 Saunders 839, and authorities cited; R. S. 1889, art. 8, p. 919, sec. 3852; 3 Blackstone's Com., sec. 4; 1 Hales P. C., 512; 1 Hawk P. C., chap. 33, sec. 23; Finley v. Bear, 8 S. & R., 571; Wolf v. Chalker, 31 Conn. 121; Loomis v. Terry, 17 Wend. 499; Barrington v. Turner, 3 Wend. 28; Brill v. Flagler, 23 Wend. 354; Gillum v. Sisson, 53 Mo. App. 516; Jacobsmeyer v. Poggemoeller, 47 Mo. App. 560; 5 Bush. (Ky.) 545. Plaintiff can recover on no cause of action but the one he declares on—no tort alleged. None can be presumed. Hale v. Van Dever, 67 Mo. 732; Price v. Railroad, 40 Mo. App. 195; Leslie v. Railroad, 88 Mo. 53; Stix v. Matthews, 75 Mo. 96; Sumner v.

Rogers, 90 Mo. 324.   (2) · The court erred in giving, on its own motion, his instructions numbered 1, 2, 3 and 4 for respondent, and numbered 1, 2 and 3 for appellant, which did not fairly declare the law governing under the facts in the case as established by the evidence and under the pleadings in the case.

DUNCAN & UTZ for respondent.

(1)   The court did not err in overruling appellant's demurrer to respondent's evidence, for the evidence supported the petition exactly, and the petition stated a good cause of action against appellant for compensatory damages, and that was the only theory on which the case was tried.   Howard v. Lillard, 17 Mo. App. 228.   And even if the petition is not as definite and perfect as it might be, it is sufficient after verdict. R.  S.  1889, sec. 2113, statute of jeofails.   Instructions numbered 1, 2, 3 and 4 given by the court on his own motion for respondent stated the law applicable to the case very correctly and in fact more favorable to appellant than he had a right to demand.

GILL, J.—Plaintiff sued the defendant for the value of two fox hounds—one of which was killed and the other so injured as to be worthless, by the defendant's son, the latter acting on the instructions of his father.   The case originated in a justice's court where plaintiff recovered; the case was again tried in the circuit court, to which it was taken by defendant's appeal, resulting in a judgment in plaintiff's favor for $100 and defendant has appealed to this court.

The first complaint is that the trial court erred in overruling defendant's demurrer to the evidence.   We are hardly justified in reviewing this action of the court, because of defendant's failure to include in his abstract the entire evidence.   The abstract contains only a brief summary of what counsel

DOGS: unlawful killing: demurrer to evidence.

Fenton v. Bisel.

seems to think was the general scope of the evidence. Although quoting a portion of the language of some witnesses, yet in other respects the abstract contains only what counsel thinks the evidence tended to prove. But even on the face of the abstract sufficient appears to authorize the court in submitting the issues to the jury. Enough is there shown to authorize the verdict.

Plaintiff and defendant are farmers and reside about four miles apart. On the day in question a relative of plaintiff's had the latter's dogs out hunting foxes or wolves in the neighborhood. While so doing the dogs passed through an inclosure where defendant had some sheep. Defendant's son observing them procured a gun and shot two valuable hounds. The testimony tends to prove that the shooting was done under the instructions of the defendant. While there was some evidence that the dogs were chasing the sheep, there was other and abundant evidence that the dogs were merely trailing a fox through the premises, were not worrying the sheep, and that the shooting of the dogs was wholly unnecessary for the protection of the stock.

Under this state of the evidence, the court, in effect, instructed the jury, that if the dogs were shot by defendant's direction he was then liable to plaintiff for their value, provided, however, the dogs were not at the time chasing and worrying the sheep and that the defendant's son had no reasonable cause to believe that said shooting was necessary in order to prevent the dogs from killing or injuring the sheep. But if the dogs were chasing the sheep and defendant's son had reason to believe it necessary to kill the dogs so as to protect the sheep, then defendant could not be held for the damages. The jury was also told that defendant could not justify the shooting the dogs merely because they were at the time on his premises.

There can be no reasonable objections urged to the court's charge. The instructions fairly comprise all the law applicable

———: ———: instruc-
tions: trespass.

to the facts.    In this state  dogs are property and no one has the right to kill them except for just cause.    They may be killed however to protect one's property, but not simply because they are found on such other's land.    Woolsey v. Haas, 65 Mo. App. 198; Gillum v. Sisson, 53 Mo. App. 516.

The complaints relating to matters of evidence and the court's action in refusing certain instructions are found without merit.    The issues were fairly tried, the court's instructions were all that were needed and the judgment must be affirmed.    All concur.