### REED, Appellant, v. GOLDNECK, Respondent.

#### St. Louis Court of Appeals, May 2, 1905.

1. **ANIMALS: Dogs.** Dogs in Missouri are property and no one has a right to kill the dog of another without just cause.

2. ———: ———: **Killing Dogs.** Under the rule of common law, which obtained prior to the enactment of section 6976, Revised statutes of 1899, one was not justified in killing a dog for the protection of his domestic animals, even though it was on his premises, unless the dog was actually doing injury to his domestic animals or attempting to injure them in a manner which threatened immediate peril.

3. ———: ———: ———: **Statute.** But the second clause of said section 6976, Revised Statutes of 1899, is a new act of outlawry against dogs, so that under it one may kill a dog found on his premises under suspicious circumstances such as to indicate the dog had recently been engaged in killing or chasing sheep or other domestic animals.

4. ———: ———: ———:———. In an action for the value of a dog killed by the defendant on his premises, where the evidence showed that the plaintiff and his neighbor had recently lost animals by the ravages of dogs, and the dog was discovered on his premises in the midst of goats and rabbits, though not chasing them, it was sufficient, under said section, to support a verdict for the defendant.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

AFFIRMED.

*O. T. Hamlin* for appellant.

"In this State dogs are property and no one has the right to kill them except for just cause. They may be killed, however, to protect one's property, but not simply because they are found on such other's land." Fenton v. Bisel, 80 Mo. App. 135; Woolsey v. Haas, 50 Mo. App. 198; Gillum v. Sissom, 53 Mo. App. 516.

*G. D. Clark* for respondent.

### STATEMENT.

This case originated before a justice of the peace in Greene county. It involves the killing of a dog, a hound, called Geronimo. Plaintiff recovered before the justice. Defendant appealed to the circuit court of said county where the case was tried before the judge, without the intervention of a jury. There were no instructions asked, given or refused. The circuit court upon hearing the evidence, found the issues for the defendant. Plaintiff appealed to this court.

The evidence tended to show that plaintiff and others were out fox-hunting, started a fox about 10:30 o'clock and shortly after midnight, while the dogs were trailing on defendant's premises near his house and barn and while inside an inclosure in which he had one hundred and seventy-five or one hundred and eighty goats and some twenty-five rabbits, defendant arose from his bed, went into the yard and shot the dog. Defendant's evidence showed that a short time before that he had had fifteen goats killed by dogs. Defendant's neighbor testified that he lived about two hundred yards from the defendant; that he, too, had recently had some sheep killed by his dogs. At the time the dog was shot he was moving away from where the goats were kept and was in the enclosure where defendant kept the rabbits, and stopped at the goat pen long enough to be shot. Defendant testified:

"Q. Then this dog wasn't doing one identical thing to your property when you shot him? A. It was too dark to see what he was doing.

"Q. You simply shot him because he was on your premises? A. No, I didn't.

"Q. Why did you shoot him? A. Because I thought he was killing my goats and rabbits.

"Q. What made you think he was killing them? A. Because he was right in a sheep-killing dog's place."

Appellant's counsel argues that the finding of the court below should have been for appellant; that dogs in this State are property and no one has a right to kill them except for just cause, and says: "They may be killed, however, to protect one's property but not simply because they are found on such other's land."

NORTONI, J.—(after stating the facts). It has long been the settled law that dogs are property in Missouri and that no one has a right to kill them except for just cause. It has always been the rule, however, that they might be killed for just cause. It has been held that one has no right to kill a dog because it is found on his land when threatening no immediate danger to his property. [Fenton v. Bissell, 80 Mo. App. 135; Gillum v. Sisson, 53 Mo. App. 516; Woolsey v. Haas, 65 Mo. App. 198; Brauer v. English, 25 Mo. App. 490; Carpenter v. Libbett, 77 Mo. 242.]

Section 1898 of the Revised Statutes of 1899, defining grand larceny, provides a dog shall be considered as personal property for the purposes of that section. The common law gives a man the right to use such force as is necessary, and no more, to protect his own property and under this ancient rule which obtains in this State, there would be no question of the right of a person owning sheep or goats or rabbits or other domestic animals liable to injury and death from dogs, to use such force as is necessary, and no more, in the protection of his property where danger is imminent, the degree of force to be

measured by the imminence of the peril. [Gillum v. Sisson, 53 Mo. App. 520; Brauer v. English, 21 Mo. App. 490.]

In 1899, the Legislature furnished us a new section on the subject of dogs in this State. It is as follows:

"If any person shall discover any dog or dogs in the act of killing, wounding or chasing sheep in any portion of this State, or shall discover any dog or dogs under such circumstances as to satisfactorily show that such dog or dogs has or have been recently engaged in killing or chasing sheep or other domestic animal or animals, such person is authorized immediately to pursue and kill such dog or dogs; *provided, however*, that such dog or dogs shall not be killed in any enclosure belonging to or being in lawful possession of the owner of such dog or dogs." [Sec. 6976, R. S. 1899.]

This section has come into our law since any of the above cases on this subject have been decided. The statute went into effect a few months only after the decision of the case of Fenton v. Bissell, 80 Mo. App. 185, by the Kansas City Court of Appeals and, therefore, was not noticed in the opinion in that case. Under the rule of the common law which obtained prior to the statute as announced in the cases supra, one was not justified in kiling a dog even though it was on his premises, unless the dog was actually doing injury or attempting to do injury to his domestic animals, and in the latter case, the danger from the dog must have been so apparent as to threaten imminent peril. [Gillum v. Sisson, 53 Mo. App. 516; Fenton v. Bissell, 80 Mo. App. 135; Woolsey v. Haas, 65 Mo. App. 198.] This being the settled law at the time the statute was enacted, we must presume that the Legislature knew the law as it existed, and sought to make some change therein by statutory innovation. We are to understand then, that the Legislature intended to change the rules. In interpreting the statute with this in mind, we must be guided by the intent of the lawmakers as it appears from the language employed. With

this before us, it is apparent from the very terms of the
statute that it was not the purpose of the Legislature to
make the rule more stringent in favor of the dog and
against the person charged with the killing thereof, while
in a threatening attitude. The old statute authorizing the
killing of the dog which had killed or maimed sheep, was
said by our Supreme Court in the case of Carpenter v.
Lippitt, 77 Mo. 246, to be an act of outlawry against
sheep-killing dogs. To hold the new statute above quot-
ed did no more than reassert the common law on the
subject, would be equivalent to holding that its provi-
sions accomplished no purpose whatever. It seems
clear, when viewed from this standpoint, that we must
construe it to mean that it is in part a further act of
outlawry against the dog and that it not only outlaws a
sheep-killing dog but outlaws as well the dog discovered
under suspicious circumstances or under circumstances
reasonably suspicious, by its provisions "or shall discov-
er any dog or dogs under such circumstances as to sat-
isfactorily show that the dog or dogs has or have been
recently engaged in killing or chasing sheep or other do-
mestic animal or animals, such person is authorized,"
etc., to kill such dog. It appears that the first clause
of the section is declaratory of the common law on the
subject. The second clause is a new act of out-
lawry against the dog, and one who kills a dog
and undertakes to justify his act under it, must
show to the reasonable satisfaction of the jury,
by the facts and circumstances surrounding the
killing, that the dog had recently been engaged
in killing or chasing sheep or other domestic ani-
mals, and hence one who kills a dog under the suspi-
cious circumstances mentioned in the second clause,
does so at the risk of paying the owner the value of the
dog, or of satisfying the court or jury, as the case may
be, the trier of the facts, that he was outlawed under
the second clause of the statute, and if the dog be found
either killing or chasing the animal or under such cir-

cumstances as would make it appear satisfactorily to the jury that the dog had been engaged either in killing or chasing the animals, then the killing of the dog is justifiable. Then, too, this statute authorizes any person to kill the dog under the circumstances mentioned; it is immaterial whether he be the person owning the animals or not. The evidence shows that respondent and his neighbor as well had recently lost animals by the ravages of dogs. This dog was discovered by him in the very midst of his goats and rabbits in the night, under very suspicious circumstances indeed. It seems to us that there is substantial evidence to support the judgment of the trial court to the effect that the dog was either then or had recently been engaged in chasing the animals and this is sufficient in law, if it was sufficient to satisfy the court who tried the facts.

The learned trial judge saw and heard the witnesses. He had an opportunity to and did judge of the credibility of their evidence and passed his judgment thereon. We would not be authorized to set our judgment in such case against that of the trial court. Our conclusion is there was substantial testimony to support the finding of the trial court and the judgement ought to be affirmed. It is so ordered. All concur.