SIMS, Respondent, v. HALL, Appellant.

St. Louis Court of Appeals, Submitted January 19, 1909, Opinion filed February 23, 1909.

1. PRACTICE: Damage for Killing Dogs: Instruction. In an action for damage for killing three fox hounds of the plaintiff, where the defendant denied that he killed the plaintiff's foxhounds, but admitted that he killed three dogs and justified the killing on the ground that they were destroying his property, it was not error to refuse an instruction for defendant on the theory that he was justified in killing the plaintiff's dogs if they were destroying his property, since they were not the dogs he admitted killing.

2. ————: ————: Verdict on Conflicting Evidence. And in such case where the evidence was conflicting as to whether the dogs alleged to have been killed were of the kind specified in the Act of 1907, relating to the registration and licensing of dogs, etc., and as to whether defendant had killed plaintiff's dogs, the finding of the jury upon those facts will not be disturbed.

3. ————: Objections to Evidence: Ruling of Trial Court. Where in a rapid examination of a witness objections are made to questions and the examination is proceeded with without waiting for the court to rule upon the objections or taking exceptions to the failure of the court to make a ruling, the party objecting cannot be heard on appeal to complain of the questions asked and answered to which objections were made.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. Purd Hayes, T. L. Viles* and *E. M. Hayes* for appellant.

That the demurrer to the evidence should have been sustained by the court of the evidence of plaintiff and his witnesses failed to prove the allegations in the petition. Flanders v. Green, 50 Mo. App. 371; Riley v. Sherwood, 144 Mo. 354. That the court erred in receiving evidence subject to objection of the defendant and withheld his ruling on such evidence and then oral-

ly told the jury not to consider certain parts of it.   Seafield v. Bohne, 169 Mo. 537; Asbury v. Hicklin, 181 Mo. 658.   That the instructions 1 to 4, inclusive, given by the court is error on the part of the courts and they do not state the law of cases of outlawry against dogs, under the evidence given in this case.  R. S. 1899, secs. 6975, 6976; Reed v. Goldneck, 112 Mo. App. 310.

REYNOLDS, P. J.—This action was commenced before a justice of the peace, in Stone county, for damages for the value of three foxhounds, alleged to have been killed by the defendant.   On verdict and judgment in favor of respondent, plaintiff below, defendant appealed to the circuit court, where, on a new trial, verdict was again rendered in favor of respondent, and the case is here on appeal.   The only assigned error necessary to notice, is to the action of the trial court in striking out from an instruction asked by the defendant the words, "or destroying the property of defendant."   That instruction is as follows:

"The court instructs the jury that, if you find and believe from the. evidence in this case, that the dogs killed by defendant were the dogs of plaintiff and that at the time the defendant killed said dogs they were chasing sheep or goats (or destroying the property of defendant) or were acting under such suspicious circumstances as to satisfactorily show that such dog or dogs had recently been engaged in chasing or killing sheep or domestic animals (or destroying the property of defendant), then the defendant had a right to kill such dog or dogs and your verdict will be for defendant."

The defendant himself, testifying as a witness, admitted that he had killed dogs, and he testified that those he killed were shot by him while they were coming out of his kitchen or house, but he distinctly testified that the dogs which he had killed were not the

dogs of the plaintiff. He was asked this question by his counsel: "They charge you of killing three of Ed Sims' dogs, foxhounds, state to the jury whether or not you ever killed any of his foxhounds?" To which he answered, "No, sir; I never did kill one of his foxhounds." With this testimony given by the defendant himself, there was no evidence before the jury which would have authorized the court to have retained the words stricken out from the instruction asked and it was not error to strike them out. The failure of any evidence, therefore, to show that the foxhounds of plaintiff which were killed, were killed in the act of destroying the property of the defendant, fails to bring this case within the rule laid down in Fisher v. Badger, 95 Mo. App. 289, and Reed v. Goldneck, 112 Mo. App. 310. As to the fact of these dogs being of the kind specified in section 8, of the act providing for the registration, licensing, or killing of dogs, etc., approved April 12, 1907 (Sess. Acts, 1907, p. 388), which authorized them to be killed by any person at any·time or place, there was evidence both ways, as also evidence as to whether the defendant had killed the dogs of plaintiff. These questions, therefore, became questions of fact for the determination of the jury, and the jury having been correctly instructed as to these facts and the law governing them, we see no reason to disturb their verdict. This also disposes of the proposition earnestly made by counsel for respondent, that the demurrer to the evidence should have been sustained. There was no error in this action of the lower court. We say this after having read all the testimony, covering some ninety pages, in a very excellently prepared abstract of it submitted by the learned and industrious counsel for the appellant.

Complaint is made of the failure of the trial court to rule on objections made by defendant and on the failure and refusal of the court to pass on them when made, and in receiving evidence subject to objection. The first place to which counsel directs our attention

to the record where this is said to have occurred shows the following, pages 10 and 11 of the abstract, the plaintiff being under examination in chief. He was asked by his counsel, "Q. You used your dogs for running foxes? A. Yes, sir, that is what I used them for, that is all they would run after night; they would run rabbits some in the daytime." Mr. Hays: "Defendant objects to this and asks that it be excluded." Mr. Thornberry: "Plaintiff wants to prove the value of the dogs; a rabbit dog isn't much account to a fox hunter." By the court: (No ruling). Q. "Were those dogs trained dogs? A. Yes, sir, trained when I got them." The other instance cited by appellant occurs on page 14 of the abstract and is set out thus: "By Mr. Thornberry: Plaintiff objects, for the reason it is immaterial and not in contradiction of anything. By the court: (No ruling). A. I said I never saw but one of them." It will be noticed that on not one of these occasions did counsel insist on or wait for a ruling, and no exceptions were saved to the failure of the court to make one. As a matter of fact, it appears to us from reading the record, as well as from some experience in trials, that a ruling was not insisted on or waited for, and the failure to rule was most probably produced by the rapidity of counsel in going on with their examination without giving the court time or opportunity to rule. This happens in almost every trial. Therefore, these objections now made are not within the cases cited in support of them, namely, Seafield v. Bohne, 169 Mo. 537, and Asbury v. Hicklin, 181 Mo. 658. Counsel for appellant make the further point that the court erred in receiving evidence subject to objection of the defendant and withholding his ruling on such evidence and then orally telling the jury not to consider certain parts of it, and they refer to page 59 of their abstract in support of this. A reference to that page shows this: "By Mr. Hays (of counsel for appellant): Defendant objects to all of this evidence. By the Court: You

need not ask him anything further and the above can be excluded from the record and the jury will not pay any attention to his testimony along that line. By Mr. Thornberry (of counsel for respondent): Plaintiff excepts to the ruling of the Court." So that it appears that the exceptions to the action of the court in so ruling was taken by counsel for respondent and not by counsel for appellant. We have not had the aid of any brief on the part of respondent but have been guided in our investigation by the very able one of counsel for appellant. After consideration of that and after reading all of the testimony as well as the abstract, we discover no error justifying us in reversing the judgment. It is accordingly affirmed, all concurring.