J. W. SCOTT *v.* ST. JOHNSBURY ACADEMY AND TRUSTEE.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 3, 1912.

*Taxation—Exemptions—"Public, Pious, or Charitable Uses"— School Property — Tenements — Investments —Inseparable Tax Void in Part—Effect—Doubtful Findings—Presumptions in Support of Judgment—Interpretation of Statutes— Legislative Intent and Knowledge—Presumptions.*

A building owned by an academy is exempt from taxation, under P. S. 496, subd. 6, where it is rented in part for a boarding-house for students and others, and in part for tenements, but the rents are used for the support of the school.

Where an inseparable tax is in part void because assessed against exempt property, the whole tax is void.

A house bought by an academy with money from its endowment fund, and leased for purposes not directly connected with the operation of the school, but for rent that is used in its support, is exempt from taxation, under P. S. 496, subd. 6, though it is found that the trustees would not have bought the property if they had not considered it a good investment, there being nothing to compel the inference that it was either bought or held for speculative purposes, rather than as a mere investment.

Where one interpretation of a doubtful finding will support the judgment below, it will be assumed, on review, that the lower court made that interpretation.

No. 33, Acts 1910, relating to the exemption from taxation of lands owned or leased by colleges, academies, or other public schools, is amendatory rather than declaratory.

It should be presumed that, in enacting an amendatory statute, the Legislature intended to make some change in the existing law, and acted with full knowledge of prior legislation on the subject, and of its construction by the courts.

ASSUMPSIT, begun by trustee process, for the collection of taxes. Plea, the general issue. Heard on the pleadings and report of a referee, at the December Term, 1911, Caledonia County, *Miles*, J., presiding. Judgment for defendant. The plaintiff excepted.

Besides what is stated in the opinion as to the Ide House, the referee finds that: "This property stands next southerly of that last described. Formerly there was a livery stable and a hog house, which occupied a portion of this property and the trustees of the defendant regarded that business as objectionable and purchased the property with funds taken from the endowment of the defendant. The exact time of this purchase did not appear, but it was several years before the time in question. The property has never been used for any of the charter purposes of the academy, but has been rented to tenants and is being so used at the present time, the income going to the support of the school."

*R. W. Simonds* and *J. Rolf Searles* for the plaintiff.

*Harry Blodgett* and *Alexander Dunnett* for the defendant.

POWERS, J. The suit arises from an attempt on the part of the town of St. Johnsbury to tax certain real estate belonging to the St. Johnsbury Academy, and comes to this Court on the plaintiff's exception to a judgment for the defendant. The case was heard below on the report of a referee, from which it appears that five different pieces of property were involved, but at the hearing before us counsel for the plaintiff expressly abandoned any claim on account of all save two, which are called respectively the Colby House and the Ide House. The only question made is as to the taxability of the property.

The Colby House was involved in *Willard* v. *Pike*, 59 Vt. 202, 9 Atl. 907, and it was then held to be exempt from taxation. The statute, in all respects here material, remains as it was then; nor have the facts materially changed, for it then appeared that all or a part of the property was rented for a boarding-house for academy and other boarders, that a part was occupied by one of the professors of the academy, and that the income from the property was used for the general purposes of the institution. While now the findings are that the property is in four

parts; that one is rented for a boarding-house for students and others; that the others are rented for tenements; and that the rents are used for the running expenses of the school. If it should be urged that the fact that only a part of the property is now directly devoted to school purposes, while before all of it was, it would be enough to say that this makes it stand just as the "Club House" stood before,—and the Club House was held to be exempt in the Willard Case. We cannot hold this property to be taxable, without rejecting the conclusions of that case,— which we are unwilling to do.

There is another reason why the fact that only a part of these premises is directly used for school purposes would not avail in this suit. If we should hold that so much as is used as a boarding-house for students is exempt and the rest taxable, the case would stand like *Johnson* v. *Jones,* 86 Vt. 167, 83 Atl. 1085, and the whole tax would be uncollectible.

The Ide House does not appear to have been involved in *Willard* v. *Pike.* It was bought with money taken from the endowment funds of the institution. It is rented and the income is used for the support of the school. Its standing differs from that of the Colby House only in this respect: it is all, instead of a part, rented for purposes not directly connected with the running of the academy. Such a piece of property was not before the Court in the Willard Case, but is covered by the argument, which is logical and satisfactory. And we hold that this property is exempt under the authority of that case. The suggestion in the opinion in that case that the ownership must be for the appropriate use and benefit of the institution as an academy and not merely for speculative purposes, does not affect the case, so far as the situation of this property is concerned. Though it is found that the trustees would not have bought this property if they had not considered it a good investment, nothing appears to compel the inference that it was bought to sell again for profit or that it is held for speculative purposes. It is quite as consistent with the finding to infer that it was considered a good permanent investment as a safe and steady revenue producer, as a municipal or government bond might be. Indeed, this seems to be the true meaning of the finding; but if it can be said that its meaning is doubtful, it is our duty, in support of the judgment, to assume that the court below so interpreted it.

We are confirmed in our conclusion that this property is exempt by the fact that the Legislature, by the passage of No. 33, Acts of 1910, provided that "the exemption from taxation of lands owned or leased by colleges, academies or other public schools, shall not be construed as exempting lands or buildings rented for general commercial purposes. * * *" It seems plain that this act is amendatory rather than declaratory. It is to be presumed that in enacting it the Legislature acted with full knowledge of the prior legislation on the subject, and its construction by the courts, (36 Cyc. 1135; *Johns* v. *Sheridan*, (Ind.) 89 N. E. 899; *Reed* v. *Goldneck*, 112 Mo. App. 310, 86 S. W. 1104; *Rich* v. *Keyser*, 54 Pa. St. 86; Endlich, Interp. St., §367; and see *State* v. *Rut. R. R. Co.*, 81 Vt. 508, 71 Atl. 197), and that it intended to make some change in the existing law. *U. S.* v. *Bashaw*, 50 Fed. 749, 1 C. C. A. 653; *Reed* v. *Goldneck, supra.* The change here intended was obviously the removal of an existing exemption.

*Judgment affirmed.*