## ROBERT K. EWALT, Appellant, v. H. B. GARNETT, Respondent.

**St. Louis Court of Appeals, February 3, 1914.**

1. **DOGS: Justification for Killing Dog Chasing Sheep: Pleading.** An answer, in an action for damages for killing a dog, alleging that the dog got into defendant's enclosed pasture and was chasing defendant's sheep, and while it was so chasing same, defendant shot and killed it, as he was authorized to do by Sec. 856, R. S. 1909, was broad enough to include the theory that the dog had been chasing the sheep prior to the killing, as well as that he was engaged in doing so at the time, so as to warrant an instruction that defendant was justified in killing the dog if he found under the circumstances that it had been recently chasing defendant's sheep.

2. **PLEADING: Construction: Aider by Verdict.** All reasonable inferences and intendments should be indulged in favor of an answer, after verdict.

3. **APPELLATE PRACTICE: Harmless Error: Instruction on Measure of Damages.** An error in the instruction on the measure of damages is harmless, where the jury returned a verdict for defendant.

Ewalt v. Garnett.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*C. M. Ewalt* and *A. F. Haney* for appellant.

The court erroneously gave defendant's instructions Nos. 2, 3 and 5, authorizing the jury to find for defendant on a defense not set up in the pleadings, to-wit, the defense that defendant killed the dog when he discovered it under such circumstances as to satisfactorily show that it had been recently chasing his sheep. The giving of an instruction presenting an issue or defense not raised by the pleadings, or different from that raised by the pleadings, is reversible error. Camp v. Heelan, 43 Mo. 591; Black v. Railroad, 217 Mo. 672; Raybourn v. Phillips, 160 Mo. App. 534; Maynard v. Railroad, 155 Mo. App. 352.

*Marchand & Rouse* and *E. R. McKee* for respondent.

ALLEN, J.—Plaintiff, by his petition filed herein, avers that on May 12, 1910, the defendant unlawfully shot and killed a foxhound, the property of plaintiff, of the value of $100, for which sum plaintiff prays judgment.

Defendant, by his answer, admits that on the night in question he shot and killed a "hound dog" belonging to plaintiff, but denies that he unlawfully killed the same or that the dog was of the value of $100, or that plaintiff was damaged in any sum. And further answering, the defendant alleges that plaintiff's said dog got into an enclosed pasture of defendant, "and was chasing his, defendant's sheep, . . . and while he was so chasing same, he, defendant, shot and killed it, said hound dog, as he had a lawful right and was authorized and warranted in doing, under and by

virtue of section 6976 of the 1899 Revised Statutes of the State of Missouri, which lawful right to shoot and kill said hound dog he pleads in bar of this action."

The cause was tried before the court and a jury, resulting in a verdict for the defendant, and the case is here upon plaintiff's appeal.

It appears that the dog that was killed was a large male foxhound; that on the night in question plaintiff and others were fox-hunting with this dog and a number of other hounds. On behalf of plaintiff the evidence tended to show that the dogs trailed a fox from adjoining lands to and upon the premises of defendant. Plaintiff testified that while the dogs were thus running on defendant's land, plaintiff, who was then some distance away, heard the report of a firearm. Some days later the dog was found dead upon defendant's premises. There was considerable testimony respecting the value of the dog, which it will be unnecessary to repeat here.

Defendant, as a witness in his own behalf, testified that on the night in question he heard quite a commotion among his sheep in his pasture; that the latter were running, the lambs bleating, and all very much excited; that he made his way to a lot some fifty yards from his house, and that the sheep were running toward this lot with two dogs following them, running and barking; that defendant could not see the dogs, but could hear them running and barking, and that as they drew nearer he "shot at the sound," killing one of the dogs.

In rebuttal there was testimony of witnesses on behalf of plaintiff to the effect that defendant had afterwards admitted that he knew that the dogs were not running the sheep but were running a fox. Defendant, upon being recalled to the witness stand, denied this, saying that he had stated that the two dogs in question were running the sheep, but that six or eight other dogs "had gone on south and west appar-

ently running a fox.'' And defendant's version of what was said upon that occasion is corroborated by another witness.

Plaintiff's theory is that the dog that was killed was, at the time, in pursuit of a fox which ran among defendant's sheep for the purpose of eluding his pursuers, as it is said a fox will do; and that neither this dog nor any of the others with him were chasing defendant's sheep. But the only positive testimony with respect to this question is that given by the defendant himself, who alone witnessed the killing, and who says that two of the dogs were pursuing the sheep, while the others had gone off apparently in pursuit of the fox; and that he killed plaintiff's dog after the latter had been chasing his sheep and while it continued to do so.

The assignments of error, however, pertain entirely to the matter of giving and refusing instructions. It will be unnecessary to set out the instructions in full, for the reason that, aside from the giving of an instruction for defendant with respect to the measure of damages, the errors alleged pertain to one question. That is to say, the court in instructing the jury proceeded upon the theory that the defendant was justified in killing the dog, if, at the time in question, the defendant discovered the latter either actually chasing his sheep, or upon his premises under such circumstances as to satisfactorily show that the dog had been recently engaged in so doing.

Appellant urges that, under defendant's answer, it was error to instruct the jury to find for defendant if they found and believed that when he killed the dog the circumstances were such as to satisfactorily show that the latter had been recently chasing his sheep, for the reason that, as appellant says, such defense was beyond the scope of the pleadings. Appellant's theory in this regard is that the defense set up by the answer, to justify defendant's killing of the dog, was that

the latter was actually chasing defendant's sheep at the time; and that defendant was confined to this defense.

The section of the statutes referred to in defendant's answer, now section 856, Revised Statutes 1909, is as follows:

"If any person shall discover any dog or dogs in the act of killing, wounding or chasing sheep in any portion of this State, or shall discover any dog or dogs under such circumstances as to satisfactorily show that such dog or dogs has or have been recently engaged in killing or chasing sheep or other domestic animal or animals, such person is authorized to immediately pursue and kill such dog or dogs. Provided, however, that such dog or dogs shall not be killed in any enclosure belonging to or being in lawful possession of the owner of such dog or dogs."

In Reed v. Goldneck, 112 Mo. App. 310, 86 S. W. 1104, this statute, in its present form, was before this court, and we need not attempt to add anything to what was there said as to the purposes and effect of the act as it now stands. [See also Sims v. Hall, 135 Mo. App. 603, 117 S. W. 103.]

In the instant case it is not denied that the defendant may justify his act of killing the dog, even though the latter was not actually engaged in running or chasing sheep at the time, if the circumstances were such as to show, to the satisfaction of the triers of the fact, that he had been recently so doing. But appellant contends that the latter is not an issue in this case; that by his answer defendant is confined to the defense that he killed the dog while the latter was actually chasing his sheep, and that it was error to submit a defense based upon the other provision of the statute.

A consideration, however, of the answer filed, and the evidence in the case, has led us to the conclusion that the court did not commit reversible error with

respect to the instructions regarding defendant's lia-
bility for the killing of the dog. Defendant's answer
avers that the "dog was chasing" his sheep, and that
"while he was so chasing them," defendant shot and
killed the dog; and defendant invokes section 6976,
Revised Statutes 1899 (now section 856 Revised Stat-
utes 1909) to justify the killing. Defendant's evi-
dence goes to show not only that the dog was actually
running defendant's sheep when killed, but had been
running the same for some time prior thereto, and
had followed them to the small lot not far from defend-
ant's house, at which point the dog was killed. It
would seem that the answer is broad enough to in-
clude the idea that the dog had been chasing the sheep
prior to the killing, as well as that he was engaged in
doing so at the time, and that the evidence sustained
the answer in this regard. We think that it would be
highly technical to say that, under the circumstances,
it was reversible error to instruct the jury that de-
fendant was justified in the killing, if he found the
dog under circumstances which showed that the lat-
ter had been recently running the sheep, for it seems
that defendant's evidence makes it appear that the
dog was both actually running the sheep at the time,
and that the circumstances were such as to show that
he had previously been doing so; and the answer, at
least by the reasonable inference and intendment
which should be indulged in its favor after verdict,
must, we think, be regarded as broad enough to in-
clude both such theories.

Holding these views, we deem it unnecessary to
discuss the cases cited by learned counsel for the ap-
pellant upon the point here under consideration. We
have carefully examined the instructions in question.
They differ somewhat in phraseology, but, in sub-
stance, they authorize a verdict for the defendant if
the jury find that he killed the dog either while the
latter was actually chasing his sheep, or upon dis-

covering the dog under such circumstances as to satis-factorily show that the latter had been recently en-gaged in so doing. This we think was not reversible error under the pleadings and evidence in the case.

The only other assignment of error, and which is earnestly pressed, pertains to an instruction, given at defendant's request, relative to the measure of dam-ages—i. e., as to what the jury might take into con-sideration in estimating the value of the dog. It is unnecessary, however, for us to discuss the propriety of the giving of this instruction, for the reason that, since the jury found the issues in favor of defendant, thereby finding that defendant was not liable for the killing of plaintiff's dog, it is immaterial as to how they were instructed with respect to estimating the value of the dog in case they should find a verdict for plaintiff. This instruction could only be of conse-quence in the case in the event that the issue of lia-bility were resolved in favor of plaintiff. And though this instruction be erroneous (upon which we do not pass), it could not here be error prejudicial to the plaintiff, justifying a reversal of the judgment; and a discussion thereof by us could only be pertinent in the event of a reversal upon other grounds, and as a suggestion to the lower court in proceeding with a new trial of the cause.

Finding no reversible error in the record, the judgment should be affirmed. It is so ordered. *Rey-nolds, P. J.,* and *Nortoni, J.,* concur.