.JOSEPH RUDICILE, Respondent, v. MERL C. BARR, Appellant.

St. Louis Court of Appeals, January 5, 1915.

1. DOGS: Property: Right to Kill Dog. Dogs are property, and no one has a right to kill a dog belonging to another, although found on the slayer's premises, except for just cause.

2. ————: Right to Kill Dog Chasing Sheep: Statute. Under Sec. 856, R. S. 1909, one may kill a dog not in the owner's inclosure, if discovered in the act of killing, wounding, or chasing sheep, or under such circumstances as to satisfactorily show that it had been recently engaged in killing or chasing sheep or other domestic animals.

3. ————: ————: Sufficiency of Evidence. In an action for shooting plaintiff's dogs while on defendant's premises, *held,* under the evidence, that whether the dogs were, or had been,

just prior to the shooting, chasing defendant's sheep, so as to justify the shooting, under Sec. 856, R. S. 1909, was a question for the jury.

4. ———: ———: Instructions. In an action for shooting plain-tiff's dogs while on defendant's premises, defended on the theory that the shooting was justified, under Sec. 856, R. S. 1909, because the dogs had been chasing defendant's sheep, *held* that the instructions given for plaintiff were free from error.

5. APPELLATE PRACTICE: Review: Assignments of Error. A ruling which is not assigned as error is not properly before the appellate court for consideration, although complaint thereof is made in the written argument filed by appellant.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*F. H. McCullough* for appellant.

If any person shall discover any dog or dogs in the act of killing, wounding, or chasing sheep in any portion of this State, or shall discover any dog or dogs under such circumstances as to satisfactorily show that such dog or dogs were, or have been recently engaged in killing or chasing sheep or other domestic animal, or animals, such person is authorized to immediately pursue and kill such dog or dogs; provided, however, that such dog or dogs shall not be killed in any enclosure belonging to, or being in the lawful possession of the owner of such dog or dogs. Sec. 856, Rev. Stat. of Mo. 1909; Reed v. Goldneck, 112 Mo. App. 310; Sims v. Hall, 135 Mo. App. 603; Ewalt v. Garnett, 163 S. W. 943.

*J. C. Dorian, C. R. Fowler* and *F. E. Robinson* for respondent.

Where plaintiff's instructions are correct and defendant's are in conflict with them, and the defendant

appeals, then appellant is in no position to complain as the conflict in the instructions, because if error, it was self invited. Baker v. Railroad, 122 Mo. 533; Hohn v. Dawson, 134 Mo. 581; Christian v. Ins. Co., 143 Mo. 460; Sprague v. Sea, 152 Mo. 327; Russell v. Railroad, 70 Mo. App. 88.

ALLEN, J.—Plaintiff sues for the reasonable value of two fox hounds alleged to have been shot and killed by the defendant while they were chasing a fox through defendant's premises. The answer denies the allegations of the petition, and avers that defendant found the dogs upon his premises, in the act of chasing his sheep, and shot them in order to protect his sheep. There was a verdict and judgment for plaintiff in the sum of $26, and the case is here upon the defendant's appeal.

It is urged that the court should have sustained defendant's demurrer to the evidence; but we think that the court did not err in this regard. Plaintiff's testimony is to the effect that on the morning in question he let these dogs out to hunt; that they started a fox which they followed in chase in the direction in which defendant's farm lay; that he returned home, and later in the day, having learned that the dogs had been shot, went to see the defendant, and asked him what damage the dogs had done, and why he had shot them, and that defendant said that he did not know that the dogs had done any damage, but that they had scared his sheep; and that defendant further stated that the dogs were "barking on a track" when he shot them. Plaintiff's version of this conversation is very closely corroborated by the testimony of a witness who overheard the same.

The testimony of other witnesses for plaintiff, who heard the dogs upon the chase, before and shortly after they entered defendant's pasture, and who heard the shooting, tends to show that the dogs were killed

while in close pursuit of a fox, soon after they entered defendant's pasture.

The following notice, signed by defendant and some of his neighbors and published in a local newspaper, was introduced in evidence, viz.: "Hunters and all parties with dogs are hereby notified to keep off our premises. Further, all dogs seen on said premises will be shot without further notice."

Defendant's testimony is to the effect that the dogs were chasing his sheep when he shot them. He stated that he told plaintiff this when the latter asked him why he shot the dogs.

It is well settled that dogs are property; and that no one has the right to kill a dog belonging to another, though found upon the slayer's premises, except for just cause. [See Reed v. Goldneck, 112 Mo. App. 310, 86 S. W. 1104.] Under section 856, Revised Statutes 1909, one may kill a dog, not in the owner's enclosure, if he discovers such dog in the act of killing, wounding or chasing sheep, or under such circumstances as to satisfactorily show that the dog had been recently engaged in killing or chasing sheep or other domestic animals. This statute has more than once been before this court. [See Reed v. Goldneck, supra; Sims v. Hall, 135 Mo. App. 603, 117 S. W. 103; Ewalt v. Garnett, 180 Mo. App. 614, 163 S. W. 943.] Under the statute the defendant attempted to justify his act of killing plaintiff's dogs, by averring that they were at the time engaged in chasing his sheep; and such is defendant's testimony. If true, this is a complete defense. [See authorities, supra.] However, it cannot be said, as contended by appellant, that the evidence conclusively establishes the truth of these averments of the answer. While the defendant was the only eyewitness to the shooting of the dogs, the evidence adduced by plaintiff sufficed to justify the inference that the dogs were shot merely because they came

upon defendant's premises, without more. The case was clearly one for the jury.

There are four assignments of error made, but in fact they raise nothing more than the one point, viz., that the demurrer to the evidence should have been sustained. No error is assigned to the giving of instructions for plaintiff. Some complaint is made on this score in the argument contained in appellant's brief. No such question is properly before us; but we may say that an examination of all of the instructions has convinced us that, taken as a whole, the defendant has no just ground to complain thereof.

The judgment is therefore affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.