TOWN OF ORANGE *v.* CITY OF BARRE.

January Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES and SLACK, JJ.

Opinion filed July 27, 1921.

*Taxation—Requirement That Real Estate Be Assessed in Name of Owner Mandatory—Assessment in Wrong Name Not Fatal If Not Prejudicial—Sufficiency of Listers' Certificate —City Water System Devoted to Public Use Exempt from Taxation—Sale of Surplus Water—If Exempt Property Be Confused With Nonexempt All Is Exempt.*

1.  While G. L. 697, requiring real estate to be assessed in the name of the owner or possessor thereof, is mandatory, it only requires that the assessment shall designate the name of the owner or possessor with such degree of certainty as will not prejudice him in the enjoyment of his rights as a taxpayer, nor mislead him to his prejudice.

2. Where the City of Barre for seven years had been assessed and paid taxes under the name of Barre City Water Works, without objection or complaint that the tax was not properly assessed against it, the mistake in the name did not render the assessment void; the city not having been prejudiced thereby.

3. A certificate of an abstract of the individual tax list stating, "The foregoing is a list of polls and ratable estate for the town of Orange, for the year 1919, as made and assessed by us this 24th day of April, 1919," and signed by the listers, is a sufficient compliance with G. L. 784, subd. II; the form of certificate to be contained in the abstract of the personal list not being prescribed by the statute.

4. Where a city is empowered by its charter to take water for domestic, sanitary, and general industrial uses beneficial to the public and for protection against fire, and its entire water system is no more than sufficient to produce an adequate supply for such uses, such property is devoted to a "public use" within the meaning of that term as used in the statutes with reference to exemptions from taxation.

5. The fact that at certain seasons of the year the surplus water is sold by the city for mechanical uses does not deprive the property of its character as property used for a public purpose.

6. Where a tax is assessed upon property, a part of which is exempt and a part is not, and there is no way to distinguish the exempt from the taxable, the whole is exempt.

ACTION OF CONTRACT for the collection of taxes. Plea, the general issue and notice of defence. Trial by Court at the June Term, 1920, Orange County, *Chase,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*William Wishart, A. G. Fay,* and *John W. Gordon* for the defendant.

The statute requiring that real estate shall be set in the list to the last owner or possessor thereof is mandatory, not directory. *State Land* v. *Mitchell,* 162 Ala. 469; *State* v. *Sloss,* 87 Ala. 119; *Birney* v. *Warren,* 28 Montana, 64; *Pfluffer* v. *Bondics,* 42 Tex. Civ. App. 52; *Collins* v. *Reger,* 62 W. Va. 195; *Emeric* v. *Alvarado,* 90 Cal. 444; *Craword* v. *Schmidt,* 47 Cal. 617; *St. Louis* v. *Wenneker,* 145 Mo. 230, 68 A. S. R. 561.

And the real estate must be set to the owner in his true name.  *Pitkins* v. *Parks,* 54 Vt. 301; *Hamilton* v. *Fond du Lac,* 25 Wis. 496; *Morrison* v. *McLaughlin,* 88 N. C. 251; *Mowry* v. *Blondin,* 64 N. H. 2; *Burpee* v. *Russell,* 64 N. H. 62; *Bird* v. *Benlisa,* 142 U. S. 664; *Daniel* v. *Taylor,* 33 Fla. 636; *L'Engle* v. *Wilson,* 21 Fla. 461; *People* v. *Nat. Bank,* 123 Cal. 63, 69 A. S. R. 32; *Cecil* v. *Clark,* 44 W. Va. 702; *Cottle* v. *Reed's Exrs.,* 173 N. Y. 624; *Stebbins* v. *Key,* 123 N. Y. 31; *Jackson* v. *Esty,* 7 Wend. 148; *Sanders* v. *Downs,* 141 N. Y. 422; *Randall* v. *Watson,* 70 N. H. 236; *Perham* v. *Haverhill Fiber Co.,* 64 N. H. 2; *Carter* v. *New Orleans,* 33 La. Ann. 316; *Massing* v. *Ames,* 37 Wis. 645; *West Hartford* v. *Water Commissioners,* 44 Conn. 360; *Brown* v. *Veazie,* 25 Me. 359.

*Plumley, Plumley & Campbell* and *Hale K. Darling* for the plaintiff.

MILES, J.   This is an action in contract for the collection of taxes assessed against the Barre City Water Works as follows:

| | |
|---|---:|
| 24⅕ (acres) and privileges | $42,250 |
| 1½ mile piping | 2,500 |
| 5½ acres Robinson farm | 400 |
| | $45,150 |

The case was tried by court, and at the close of all the evidence the defendant moved for judgment.  The motion was overruled, and judgment was rendered for the plaintiff.  To the overruling of the defendant's motion and to the judgment rendered the defendant was allowed exceptions, and the case comes here on those exceptions.  One of the principal exceptions to the judgment rendered, upon which the defendant relies, is that no tax was assessed against it in its own proper name.

The statute requires that real estate shall be set in the list to the last owner or possessor thereof on the first day of April in each year.  G. L. 697.  The defendant contends that this is mandatory and must be strictly followed; while the plaintiff contends that it is simply directory, and though the statute may not be strictly followed in assessing the property in the name of

the owner or possessor of the same, yet, if the error is made in good faith and is the result of a mistake in judgment of the listers, the validity of the tax should be upheld.

[1, 2]   We think the statute is mandatory and requires real estate to be assessed in the name of the owner or possessor thereof; but we do not think section 697 of the General Laws requires the strict construction placed upon it by the defendant. All that the statute requires is that the assessment shall designate the name of the owner or possessor with such degree of certainty as shall not prejudice him in the enjoyment of any of his rights as a tax payer, nor mislead him to his prejudice.   *Stevenson* v. *Henkle,* 100 Va. 591, 42 S. E. 672; *Yellow Poplar Co.* v. *Thompson's Heirs,* 108 Va. 612, 62 S. E. 358; 27 A. & E. Enc. (2nd ed.) 672.   The requirement that the assessment be made against the person liable for the tax, and in his name, is for the protection of the tax payer.   27 A. & E. Enc. (2nd ed.) 64, 672. When the tax payer is not deceived nor misled because of some mistake in his name in the assessment, and is aware that the assessment is against him, and takes no steps to correct the mistake, he is fully protected in his rights and has no cause of complaint.

In the case at bar the defendant was aware of the fact that the assessment of the property was against it, for it had paid to the plaintiff the taxes so assessed on this same property for seven years, without objection or complaint that the tax was not properly assessed against it.   This shows that the defendant was not deceived, misled, nor prejudiced by the use of the name in which it was assessed, and under which it had paid the taxes thus assessed against it for so many years without protest of any kind.   A mistake in the name of the party against whom the tax is assessed, not of a character to mislead or deceive, does not render the assessment void.   26 R. C. L. 358, § 315; 37 Cyc. 1005; *Yellow Poplar Co.* v. *Thompson's Heirs, supra; Stevenson* v. *Henkle, supra;* 27 A. & E. Enc. (2nd ed.) 64, 672.   It is only when the mistake made in a name is of such a character as to mislead the tax payer to his prejudice that it vitiates and renders the assessment void.   37 Cyc. 1005.   The exception on this ground is not sustained.

[3]   Under exception 1 the defendant contends that the abstract of the individual list for the year 1919 is defective, because it does not contain in the certificate thereto attached the

phrase, "according to their best knowledge, information, and belief." The certificate in question was as follows: "The foregoing is a list of polls and ratable estate for the Town of Orange, for the year 1919, as made and assessed by us this 24th day of April, 1919." It should be noticed that section 784 of the General Laws, subdivision II, does not prescribe the form of the certificate to be contained in the abstract of the personal list. The purpose of the requirement was to enable the tax payer, having occasion to examine the lists, to ascertain that the signatures and certificate were the official acts of the listers. *Smith* v. *Hard,* 61 Vt. 469, 17 Atl. 481. In that case the certificate was as follows: "We certify this is the personal list of all the tax payers of Arlington for 1882." It was signed by the listers as in this case, and it was held that the certificate and signatures of the listers answered the requirements of the law. So the certificate contained in the abstract in this case was sufficient to meet the requirements of the statute in this regard.

[4, 5] The defendant contends that most of the property taxed is exempt from taxation under G. L. 684, subdivision VI, and 688. With this contention we quite agree. By its charter the defendant is empowered to take water for domestic, sanitary, and general industrial uses beneficial to the public and for protection against fire. The court below has found that the entire water system of the defendant, "is now and has been in the past no more than sufficient to produce and deliver to the city a prudent and adequate supply of water for the domestic and sanitary uses of its inhabitants and for fire protection, having regard to the flow and storage of water at all seasons of the year." This finding clearly establishes the public use of the property taxed and brings it within the provisions of the statute relating to exemptions of property used for public purposes. G. L. 684, subdivision VI; *Stiles* v. *Newport,* 76 Vt. 154, 56 Atl. 662. But under the terms of No. 38 of the Acts of 1912, now G. L. 688, the land acquired by a municipality, outside its territorial limits, is not exempt. This, however, does not apply to reservoirs or aqueducts, nor to water supply, pipe lines, apparatus, machinery or improvements on such land, in any way connected with the maintenance or operation of such reservoir or aqueduct. These are exempt to the same extent as if the same were acquired by the municipality within its territorial limits. G. L. 688. The fact that, at certain seasons of the year, more

water is supplied by the defendant's water system than is required for its municipal purposes, which is sold by the defendant for mechanical uses, does not deprive the property of its character as property used for a public purpose. *Stearns* v. *City of Barre,* 73 Vt. 281, 294, 50 Atl. 1086, 58 L. R. A. 240, 87 A. S. R. 721; *Kaukauna Water Power Co.* v. *Green Bay & Miss. Canal Co.,* 142 U. S. 254, 35 L. ed. 1004, 12 Sup. Ct. 173; 20 C. J. 575, § 55; *Stiles* v. *Newport, supra;* 10 R. C. L. 33, § 29, and cases cited in note. The reservoir, aqueduct, water supply, pipe lines, apparatus, machinery and improvements of the defendant's water system taxed by the plaintiff were exempt from taxation.

[6]     The defendant does not deny but that the land included in item one of the assessment is subject to taxation, but claims that its valuation is so intermingled with the valuation of the exempt property that the court cannot say what part of the list is legal and what is not. The court has found that there was no evidence in the case showing how much the land, apart from the privilege, was appraised, nor was there anything in the case tending to show that fact. We think the claim is well made. Where a tax is assessed upon property, a part of which is exempt and a part is not, and there is no way to distinguish the exempt from the taxable, the whole is exempt. *Scott* v. *St. Johnsbury Academy,* 86 Vt. 172, 84 Atl. 567; *Johnson* v. *Jones,* 86 Vt. 167, 83 Atl. 1085; *Johnson* v. *Colburn,* 36 Vt. 695. Item two of the assessment on the pipe line is expressly exempt from taxation. The defendant admits that item three of the assessment is properly assessed, if the list is made out against the proper party and a proper certificate of the listers is attached to the abstract of the individual lists. Our holding, already made, that the assessment to the Barre City Water Works, in the circumstances of this case, is sufficient to hold the defendant for any valid tax, and that the certificate attached to the individual lists is sufficient, sustains the assessment upon the Robinson farm. It therefore becomes necessary to reverse the case and render such judgment as the county court ought to have rendered. G. L. 2270; *Globe Granite Co.* v. *Clements,* 92 Vt. 383, 104 Atl. 104.

*The judgment accordingly is reversed and judgment for the plaintiff to recover the taxes assessed upon the Robinson farm, together with the lawful fees for collecting the same and its*

*costs in the court below.  Let neither party recover costs in
this Court.*