Town of Brattleboro *v.* Sanford A. Smith.

(94 A2d 407)

Special Term at Rutland, November, 1952.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Cushing, JJ.

Opinion Filed January 6, 1953.

*Ralph Chapman* for the plaintiff.

*Edward J. Shea* for the defendant.

Jeffords, J.   This is an action brought under V. S. 47, § 860 for the recovery of delinquent taxes on real estate.  The case was tried by the court with a resulting judgment for the defendant.  It is here on an exception of the plaintiff to the judgment.

The facts were agreed to and as so agreed were found by the court to be the facts in the case.  Those here material, and the necessary inferences to be drawn therefrom, show the factual situation to be as follows:  The taxes in question are those for the years 1946 to 1951 inclusive.  During that time the defendant had an interest in the real estate as the remainderman.  The remainder was subject to a life estate owned by one Pratt.  Previous to April 1.

1946, and up to the time of trial, the property has been occupied by and solely and exclusively possessed by the latter. The tax on the property during this time has been assessed to the defendant who has at all times refused payment when demanded and has directed the town officials to look to Pratt for payment. The title of Pratt appears by public record of a decree of the court of chancery dated November 26, 1946. The amount of the taxes due and unpaid with interest and collection fees to be added is set forth in the findings.

The decision in this case depends on the construction to be given to V. S. 47, § 665, which reads as follows: "Taxable real estate shall be set in the list to the last owner or possessor thereof on April 1 in each year in the town, village, school and fire district where it is situated." This statute was in force at all times here material.

The claims of the parties are substantially as follows: The defendant says that the tax properly could only be assessed to Pratt either because he was the possessor of the property or was the life tenant thereof. The plaintiff does not question that Pratt was liable but says that the defendant was an "owner" of the property within the meaning of the statute and therefore liable for the tax at the election of the listers. In support of this claim it says there may be divided ownership of land and that a remainderman is equally an "owner" with the life tenant.

Guild v. Prentis, 83 Vt 212, 74 A 1115, was a case under the treble damage statute for the unlawful cutting of trees, now V. S. 47, § 8403. The plaintiffs were the lessees of the property and it was claimed that as such they were not entitled to maintain the action as owners of the land under the statute. The Court in adversely disposing of this claim said at page 214: "The word owner as applied to real estate may designate the owner of the fee or the owner of a less estate as a lessee for a term of years or any rightful proprietor and its meaning is to be gathered from the connection in which it is used and from the subject matter to which it is applied, and when used in a statute the obvious nature and purpose of the statute may indicate its meaning." This statement is based on what is said in Payne v. Sheets, 75 Vt 335, at 348, 55 A 656, as to the meaning of the word "owner." See also in support of the plaintiff's claim that a remainderman may be considered an "owner" of real estate, Worcester v. Boston, 179 Mass 41, 60 NE 410; Mehne v. Dillon, 203 Ind 346, 165 NE 908; Good v. Jarrard, 93 SC 229, 76 SE 698, 43 LRANS 383; Words and Phrases, 2d series, 845. From the

above authorities, it is clear that the defendant owning an interest in the property as a vested remainderman is an "owner" of the real estate within the generally accepted meaning of that word.

The defendant says the law imposes the duty of paying taxes on the life tenant and not upon the remainderman. This duty is stated in *Wilmot* v. *Lathrop,* 67 Vt 671 at 677, 32 A 861. Such statements are to be found in the text books and in the cases. See Ann. 94 ALR 311. That this is the common law rule cannot be doubted.

There can be no question that the Legislature could alter this rule by providing either expressly or by implication that the tax on real estate could be assessed against either the life tenant or the remainderman. The important question in the case is whether it reasonably can be said that the intention to provide for such an assessment appears from the unqualified use of the word "owner" in the statute, as claimed by the plaintiff.

A reading of the cases has not been productive of an answer to this question. Most of them have to do with the common law rule of the duty to pay as between a life tenant and a remainderman. We have found none directly in point. The one nearest in point that has come to our attention is *Ferguson* v. *Quinn,* 97 Tenn 46, 36 SW 576, 33 LRA 688. The statute there in question was similar to the one here. It is stated, in substance, that under this statute the taxes on property are assessed to a life tenant in possession and that his estate is liable for their payment. The cases cited in support of this statement have to do merely with the common law rule and the question to be decided in the case was not the one here presented.

The language used in *Webb* v. *Burlington,* 28 Vt 188 at 190 has bearing in the determination of our question. That was a case of taxation of personal property. By § 14 of chapter 80 of the Compiled Statutes all personal property was to be assessed to the owner except as thereinafter provided. The property there in question came in under the 5th exception. After holding that the trust property was properly assessed to the life beneficiary of the income thereof in the city where she lived the Court, speaking through Redfield, Ch. J., said: "This view might be fortified by the analogies of taxation, generally, falling, as it does, or is intended to, chiefly upon income. And if one person were entitled to the income, and another to the ultimate inheritance, or bequest of the principal, without its returning again into the mass of the estate, no one could question the probable purpose of the legislature, to make the assessment upon

the present usufruct." It must be noted that this case had to do with an exception to the statutory requirement of assessment of taxes to the owner of property and that the quoted language was not necessarily used in support of the holding made.

The defendant relies on § 683 in 51 Am Jur, Taxation, in which the statement is made that "A life tenant should undoubtedly be treated as the owner of property for purposes of taxation, rather than those holding the interest in remainder." However, the cases cited in support of this statement have to do only with the common law rule above noted. Like statements are to be found in *Cooley, The Law of Taxation*, 4th ed., § 1107 ; *Washburn on Real Property*, 6th ed. § 242 and *Tiffany on Real Property*, § 32. The cases cited in support of these statements which we have examined, with the possible exception of *Ferguson* v. *Quinn, supra*, also have to do with the common law rule.

The common law rule placing the duty for the payment of taxes on a life tenant, the dictum in the Ferguson case, *supra*, and the language used in the Webb case, *supra*, all support the claim of the defendant.

The position taken by the plaintiff is supported by the fact that the duty of the life tenant to pay taxes is prescribed by statute in some jurisdictions. Ann. 17 ALR at p. 1386 and Ann. 94 ALR 314. From this it might well be argued that it was felt necessary in those states, in spite of the common law rule, to have express legislation to make it mandatory for a life tenant to pay the tax in the case of a divided ownership of property.

It is also to be noted that in 1 Restatement, Property, § 129, the common law rule is set forth but in comment "a" under this section it is pointed out that whether also duties are owed to the taxing authority is beyond the scope of the Restatement.

The most potent claim advanced by the plaintiff seems to us to be the one, in effect, that unless the statute is construed to mean that the word "owner" is any person coming within the generally accepted definition of that word an undue burden will be placed on the listers to determine whether in a given case a person against whom the tax properly is to be assessed holds a life tenancy in the property. Titles to real estate may be very complicated. Simplicity is desirable in the rules for the collection of taxes. *Worcester* v. *Boston, supra*. In the present case the difficulty in determining whether Pratt held a life estate in the property is evidenced by the fact that

it was apparently necessary to go to the court of chancery for a determination of that question.

The question to be determined is a close one. After careful consideration it is our opinion that it should be answered favorably to the plaintiff. The primary purpose of § 665 is to provide for the listing of real estate for taxation purposes. It seems reasonable to conclude that the Legislature intended to make the carrying out of this purpose as simple and easy as possible for the listers and that it evidenced this intention by the use of the unqualified word "owner" so that the listers could properly list property to any person who was an owner of it within the generally accepted meaning of that word. It seems to us that this intention is also evidenced by permitting the listing to either an owner or a possessor of the property. It appears unreasonable to conclude that the Legislature intended to cast upon the listers the burden of determining the nature of the titles of various owners of different interests in a piece of real estate and at their peril assess the tax on the same to the owner of the life estate if such there was. If the Legislature had intended that in a case of divided ownership the life tenant, if any, should be the only one to be considered as the "owner" of the property it could easily have so provided in express terms.

■ Our conclusion is that the taxes were legally assessed to the defendant and that he is liable for the payment of the same. This holding does not affect his right of recovery from the life tenant under the common law rule above noted.

■ The defendant says in his brief that there is no evidence in the case of compliance with the provisions of V. S. ch. 40. There are several reasons why this claim is not for consideration here. It is sufficient to say that the case is here only on an exception to the judgment which raises only the question as to whether it is supported by the facts found. *Little* v. *Loud,* 112 Vt 299, 304, 23 A2d 628.

*Judgment reversed. Cause remanded for the determination of the amount due the plaintiff and judgment thereon against the defendant.*