### Roger Potwin and Beverly Potwin v. Ira O. Tucker, Viola Tucker and Paul A. Bourdon

[259 A.2d 781]

No. 1275

Present: **Holden, C.J., Shangraw, Barney, Smith** and **Keyser, JJ.**

Opinion Filed December 2, 1969

*James W. Wright,* Woodstock, for Plaintiffs.

*Frederick J. Glover,* Ludlow, for Paul A. Bourdon, for Defendant.

**Holden, C.J.** This appeal comes from proceedings in the chancery court of Windsor County after the remand in *Potwin* v. *Tucker,* 126 Vt. 414, 234 A.2d 430. In the prior appeal a decree of specific performance of a land purchase and sale agreement from the defendants Tucker to the plaintiffs was affirmed. The order of the chancellor was also directed against the defendant Bourdon, the sellers' grantee. It was determined in the case in chief that this defendant acquired title and possession of the property with knowledge that his grantors, the Tuckers, had previously agreed to sell the premises to the plaintiffs for a lesser price. The cause was remanded to accomplish the proper discharge of mortgage encumbrances and an accounting between the parties. One direction was that taxes and other intervening obligations "should be accounted for, and, if proper, reimbursed." *Potwin* v. *Tucker, supra,* 126 Vt. at 420.

The matter was submitted to the chancellor as an agreed case. The consideration price, paid by defendant Bourdon to

the defendant Tucker on June 9, 1963, was $5,000. Insurance and taxes paid by the defendant Bourdon, during the period 1963 to the time of hearing, were stipulated.

The chancellor ordered the plaintiffs to pay the balance due on a mortgage indebtedness created in a mortgage deed from Paul A. Bourdon to Frank Gardner in the amount of $2,700. In addition, the plaintiffs were ordered to pay the balance due, if any, on a mortgage from the defendants Tucker to the Vermont National and Savings Bank, such payments in the aggregate, not to exceed $4,500. The defendants Tucker were ordered to pay the defendant Bourdon $500, representing "the difference which they received between the purchase price to be paid by the plaintiffs and the amount actually paid by the said Paul A. Bourdon."

In so doing, the court disallowed interest on the consideration paid to Tucker by Bourdon and also denied his recovery of taxes and insurance. All the defendants filed notices of appeal. However, the appellants Tucker were granted leave to withdraw their appeal at time of oral argument. This leaves only the questions raised by defendant Bourdon's appeal concerning his right to reimbursement for taxes and insurance premiums, together with interest accruing over the time of his occupancy.

In this aspect of the case, the appellant stands in the position of a claimant. He claims he has been unjustly penalized and seeks restitution for benefits which he has conferred upon the plaintiffs. He contends that denial of reimbursement will result in the plaintiffs' enrichment at his, that is, Bourdon's expense.

■■ Certainly the defendant has no standing, legal or equitable, to claim interest against the plaintiffs whose contract he obstructed. They have gained no benefit and have suffered considerable detriment by this intrusion upon their contractual undertaking. Even as between the Tuckers and Bourdon, interest is not recoverable until repayment was due and payable. *Norman* v. *American Woolen Co.*, 117 Vt. 28, 34, 84 A.2d 125. That time did not arrive until the plaintiffs' right to specific performance was established.

■ Bourdon, as the purchaser of the Tucker property, with notice of the sellers' prior contract to sell to the plain-

tiffs, stands in the shoes of the vendor. Although he held legal title, the equitable estate was in the plaintiffs. *Dutton* v. *Davis,* 103 Vt. 450, 452, 156 A. 531; *Wilkins* v. *Somerville,* 80 Vt. 48, 53, 66 A. 893; 92 C.J.S., Vendor & Purchaser § 304; 55 Am. Jur., Vendor & Purchaser § 213.

The defendant Bourdon, along with his codefendants, has denied the plaintiffs' right to specific performance on the strength of his legal title and has withheld them from possession. As the record owner in possession of the property, he was liable for the taxes by force of statute. 32 V.S.A. § 3651. The payments made were voluntary and by his own procurement, without request or promise of repayment by the plaintiffs. Recovery was properly denied. *Bryant* v. *Clark,* 45 Vt. 483, 485.

The same holds true of the insurance premiums. The defendant Bourdon, as the sellers' grantee, has an insurable interest in the property until divested of legal title in obedience to the chancery decree. And in the absence of any requirements in the contract of sale, the vendor is under no obligation to maintain insurance for the benefit of the purchaser: 55 Am. Jur., Vendor & Purchaser § 402; 92 C.J.S., Vendor & Purchaser § 295.

There is strong and persuasive authority for the rule that the risk should not pass to the plaintiffs, as purchasers of the property, until they take possession. And until that time the risk of loss remains with the vendor. 7 Williston, Contracts § 940 (3rd Ed.).

The insurance premiums, as with the taxes, were voluntarily paid by the defendant Bourdon with no request or promise to repay from the plaintiffs. They were for the defendant's own advantage without any enrichment to the plaintiffs.

The lower court adequately complied with the mandate of this Court on remand. No error appears.

*Decree affirmed.*