# Bertram A. Robtoy v. City of St. Albans

[321 A.2d 45]

No. 242-73

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Martin, Supr. J.

Opinion Filed June 4, 1974

*Douglas L. Molde, Esq.*, Vermont Legal Aid, Inc., St. Albans, for Plaintiff.

*Richard Gadbois, Esq.*, St. Albans, for Defendant.

**Daley, J.** The plaintiff instituted this action for declaratory relief in the Franklin County Court by complaint dated November 16, 1972, praying that the court declare that he is entitled to an exemption under 32 V.S.A. § 3802(11), which pro-

vides a tax exemption for property owned in fee simple by disabled veterans or their dependents. He claims this exemption from any tax imposed on certain property situated in the City of St. Albans. The defendant filed an answer admitting all allegations in the plaintiff's complaint. The plaintiff then moved for judgment on the pleadings pursuant to V.R.C.P. 12(c). The motion was denied, and the court entered judgment for the defendant and declared that the property in question was not entitled to tax exemption under 32 V.S.A. § 3802(11). The plaintiff appeals to this Court.

The function of a declaratory judgment is to provide a declaration of rights, status, and other legal relations of parties to an actual or justiciable controversy. 12 V.S.A. § 4711; *Lace* v. *U.V.M.*, 131 Vt. 170, 175, 303 A.2d 475 (1973). It is well settled that an action for declaratory relief must be based on an actual controversy; the claimed result or consequences must be so set forth that the court can see that they are not based upon fear or anticipation but are reasonably to be expected. *Gifford Hospital* v. *Town of Randolph*, 119 Vt. 66, 70, 118 A.2d 480, 11 A.L.R.2d 359 (1955).

The complaint for declaratory relief alleges that the plaintiff is in possession of the property in question under terms of a contract to purchase the property, which was attached to and incorporated into the complaint. Under the terms of the contract, the plaintiff is to pay all real estate taxes and assessments of any other kind made against the property. This contract was recorded in the St. Albans City Land Records on June 1, 1972.

The tax bill for the taxes on the property in question was also attached to and incorporated into the plaintiff's complaint. It indicates that the property was set in the grand list of the City of St. Albans on April 1, 1972, two months prior to the recording of the contract to purchase the property. More importantly, the bill is addressed to Alwin D. Collins as taxpayer, with whom the plaintiff had entered into the contract to purchase the property. See 32 V.S.A. § 4792.

We must assume, absent a showing to the contrary, that the property in question was properly listed pursuant to 32 V.S.A. § 3651, which provides:

> Taxable real estate shall be set in the grand list to the last owner or possessor thereof on April 1 in each year in the town, village, school and fire district where it is situated.

This statute requires that the assessment shall designate the name of the owner or possessor with such degree of certainty as shall not prejudice him in the enjoyment of any of his rights as a taxpayer, nor mislead him to his prejudice. *Town of Orange* v. *City of Barre*, 95 Vt. 267, 270, 115 A. 238 (1921). For the protection of the taxpayer, the assessment must be made against the person liable for the tax and in his name. *Id.*

The plaintiff contends that he holds "fee simple" under the contract to purchase the property in question. However, this contract was not recorded at the time that the listers are required to list the property for tax purposes. 32 V.S.A. § 3651. The Legislature intended to make the carrying out of this duty as simple and easy as possible for the listers, and the use of the unqualified word "owner" was so that the listers could properly list property to any person who was an owner of it within the generally accepted meaning of the word. *Town of Brattleboro* v. *Smith*, 117 Vt. 425, 429, 94 A.2d 407 (1953). Resort to the land records by the listers is a generally accepted method of determining the owner of the property liable for the taxes assessed against it. See *San Remo Realty Corp.* v. *City of Montpelier*, 130 Vt. 607, 612, 298 A.2d 810 (1972); *Potwin* v. *Tucker*, 128 Vt. 142, 145, 259 A.2d 781 (1969). In any event, the holding of a fee simple estate is not necessary to incur liability for taxes assessed against property. See, for example, 32 V.S.A. § 3652; *Town of Brattleboro* v. *Smith, supra; Doubleday* v. *Town of Stockbridge*, 109 Vt. 167, 194 A.2d 462 (1937); *Wilmot* v. *Lathrop*, 67 Vt. 671, 32 A. 861 (1895).

The plaintiff, on the face of his complaint, has not established that he is liable to the defendant city for the taxes on the property in question. Nor has he established any action on the part of the defendant city to attempt to collect any tax from him for which he is exempt under the provisions of 32 V.S.A. § 3802(11). In short, the plaintiff

has not set forth an actual controversy before the Franklin County Court upon which to provide a declaration of rights, status and other legal relations of the parties.

Rather than merely entering judgment for the defendant, the Franklin County Court also declared that the property in question was not entitled to an exemption under the provisions of 32 V.S.A. § 3802(11). Where the complaint for declaratory relief fails to enunciate an actual or justiciable controversy, the judgment can only limit itself to the denial of the relief requested. *Lace* v. *U.V.M., supra,* 131 Vt. at 178. The declaration concerning the taxable status of the property in question is superfluous and must be stricken from the judgment order. *Lace* v. *U.V.M., supra.* See also *Brooks* v. *Brooks,* 131 Vt. 86, 93–94, 300 A.2d 531 (1973).

*Judgment for defendant affirmed; the declaration that the property in question, located on the easterly side of Federal Street in the City of St. Albans, is not entitled to tax exemption under the provisions of 32 V.S.A. § 3802(11) is stricken.*