## In re Recount of the Votes Returned for the Office of Attorney General in the Election Held November 5, 1974

[330 A.2d 93]

No. 258-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed December 31, 1974

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Kimberly B. Cheney.

*Norman Cohen, Esq.,* Rutland, for M. Jerome Diamond.

*McNamara, Fitzpatrick, Sylvester, Farrell & Maley,* Burlington, for the County Clerks.

**Per Curiam.** This is a petition for extraordinary relief relating to the counting of ballots in the election contest for Attorney General in the general election of 1974. Pursuant to 17 V.S.A. § 1366, a recount was held. The original tally and the recount confirmed one fact that is not in dispute. That is that no candidate for the office received a majority of the votes cast, whatever disposition is made of the votes under challenge by this petition. This is the "event of no election" referred to in 17 V.S.A. § 1303 and related statutes.

The next step in the statutory scheme involves the canvassing committee of the Legislature. Under the provisions of 17 V.S.A. § 1303, previously noted, theirs is the final responsibility for determining the result of the election and declaring it to the General Assembly. Necessarily, if it is appropriately presented to that committee, it is for them to pass again on the contested ballots. It is to be presumed that the committee will have in mind, and abide by, the statutes relating to questioned ballots. *See* 17 V.S.A. § 1043 and 17 V.S.A. § 1143. The

canvassing committee has the authority to call for the ballots in the name of the General Assembly for canvassing purposes. 17 V.S.A. § 1223. *See also* 17 V.S.A. § 1302. When that committee reports to the General Assembly, the electoral process is virtually complete, barring only any required balloting in the Assembly itself. 17 V.S.A. § 1303.

The present petition asks this Court to step into the middle of this appellate process an make an adjudication of the proper way to count the questioned ballots. Since there exists statutory measures for resolving those very issues within the legislative province, this Court will not insert itself and meddle with matters not even finally disposed of by the Legislature. *See In re Petition of Smith,* 131 Vt. 24, 298 A.2d 823 (1972).

For this reason, we must grant the motion to dismiss filed by the petitionees and order the ballots returned to the custody of the clerks of the respective towns. Other issues raised before us on appeal are sufficiently governed by the disposition ordered herein that further treatment of them is unnecessary.

*Motion to dismiss the petition is granted, and the ballots are ordered returned to the custody of the respective towns for preservation in accordance with the provisions of 17 V.S.A. § 1223. Let a mandate issue forthwith.*