## Robert E. and Warren R. Pearl v. John Curran, et al.

[376 A.2d 19]

No. 2-77

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed April 8, 1977

*Kimberly B. Cheney*, Montpelier, for Plaintiff.

*Bret P. Powell* of *Hoff, Wilson & Jenkins*, Burlington, for Curran; *M. Jerome Diamond*, Attorney General, and *Greg E. Studen*, Assistant Attorney General, Montpelier, for Hebard, Treasurer, and Guest, Secretary of State, Defendants.

172

**Per Curiam.** The defendant Curran is presently serving in the Legislature as the representative from the Grand Isle-Franklin 1 District. The plaintiffs have brought a declaratory judgment action seeking to unseat Curran and otherwise subject him to penalties because of an alleged violation of the election laws. The lower court dismissed the action on the ground that jurisdiction of the controversy is constitutionally in the House of Representatives.

John Curran was a candidate in the primary election contest to become a nominee for the general election to the post of state representative for the legislative district involved. Robert E. Pearl was also a candidate in that primary, held September 14, 1976. The defendant Curran received the nomination of both parties. He ran in the general election of November 2 and won. He was opposed in that election, but not by plaintiff Pearl. The plaintiff Warren Pearl is a voter in the district but was not a candidate in either election.

On August 31, 1976, Curran caused to be published an advertisement in a local paper circulating in the district an election promise which is the basis of this action. This public pledge read as follows:

> If I am elected to the Legislature, then it is my intention to set aside the salary earned while the legislature is in session and, when formally adjourned, the salary earned will be divided equally among the fire departments and/or rescue squads dedicated to the well being of all residents of our voting district.

Curran duly received his certificate of election and filed it with the Secretary of State, as law requires. On December 16, 1976, the plaintiffs brought their action. It was heard and dismissed on January 4, 1977.

When the Legislature convened on January 5, Curran was seated. These plaintiffs then presented a challenge to Curran's election in the House of Representatives. On February 2 the House, by vote, rejected the challenge and allowed Curran to retain his seat.

Section 55 of Chapter II of the Vermont Constitution provides:

> All elections, whether by the people or the Legislature, shall be free and voluntary: and any elector who shall

receive any gift or reward for his vote, in meat, drink, moneys or otherwise, shall forfeit his right to elect at that time, and suffer such other penalty as the law shall direct; and any person who shall directly or indirectly give, promise, or bestow, any such rewards to be elected, shall thereby be rendered incapable to serve for the ensuing year, and be subject to such further punishment as the Legislature shall direct.

As is true of all other legal requirements, constitutional or statutory, procedures for determining compliance and provisions for enforcement must be provided, either within the particular law itself or separately. Section 55 has no designated method for adjudicating the existence of a violation or enforcing its penalty.

The Legislature has addressed the problem by statute, however. 17 V.S.A. § 1361 deals with contests to the election of representative to the General Assembly, both as to contests relating to balloting and ballot counts, and as to the eligibility of the candidates and legality of the elections. The latter is the concern of this contest and the pertinent parts of 17 V.S.A. § 1361 provide:

> A candidate for the office of representative to the general assembly may contest the election of another candidate for the same office by notifying the other candidates in writing by registered mail or certified mail and filing with the county clerk of the county in which the contestant resides within ten days after the election a petition setting forth under oath the fact and the grounds upon which he contests the election.
>
> . . . .
>
> (2) When the petitioner states facts or grounds questioning the eligibility of the other candidate or the legality of the election, he shall request an investigation of the facts for submission to the next general assembly.
>
> (A) The clerk shall notify the attorney general, who shall investigate the facts, take such depositions as may be necessary, prepare an opinion on the law and facts and send his report and opinion to the secretary of state before the general assembly convenes.

(B)   The secretary of state shall deliver the report and opinion to the clerk of the house of representatives forthwith upon election of the latter.

This legislation is also consistent with Chapter II, Section 14 of the Vermont Constitution, which says that the House of Representatives shall have the power to "judge of the elections and qualifications of their own members". This Court will not intrude upon areas which the Legislature is authorized, and has undertaken, to act under the authority of the Vermont Constitution. See *In re Recount for the Office of Attorney General*, 133 Vt. 128, 129, 330 A.2d 93 (1974).

As a further indicia that the power to act in the field of such elections belongs to the Legislature, the provision of Section 55 of Chapter II of the Vermont Constitution referring to "such further punishment as the Legislature shall direct" is pointed out. This is a valid argument, since it makes no sense unless the Legislature also has the initial disposition. Furthermore, the Legislature has undertaken to implement this "further punishment" also. 17 V.S.A. § 583 puts into the statutes a prohibition as to nominations paralleling the acts condemned in Section 55, and 17 V.S.A. § 586 sets out the penalty enforceable in the courts.

The provisions of 17 V.S.A. § 1361, previously noted, require that a petition be brought by a candidate and filed with the appropriate county clerk within ten days after the election. This is the statutory procedure set up to reach the charge of constitutional disqualification raised by Chapter II, Section 55 of our Constitution, and it was not invoked here. Failure to do so acts as a bar to relief through the courts. *Petition of LaFreniere*, 126 Vt. 204, 205-06, 227 A.2d 301 (1967). Since this prerequisite to court review of election procedures was not complied with, the order of dismissal on that issue must be affirmed.

The plaintiffs requested the lower court to declare the promise of defendant Curran void and unenforceable, and enjoin him from carrying it out, and further, to enjoin the State Treasurer from paying him his salary. These issues require separate handling, and we reach the salary question first.

Since defendant Curran has been validly seated and is in fact serving as a member of the House of Representatives, he is entitled to the salary that goes with his office. Even assuming this

action for relief was well laid, no injunction against the payment of those earnings is justified, and none will be ordered.

With respect to the relief sought in connection with the advertised promise complained of, we come face to face with the issue of the standing of these plaintiffs to seek this remedy in this action. However much the promise runs afoul of Chapter II, Section 55 of the Vermont Constitution, we must examine the right of these plaintiffs to maintain this litigation against the defendants, independent of a proceeding under 17 V.S.A. § 1361. The declaratory judgment act, 12 V.S.A. § 4711, requires a case or controversy to support its invocation. *Robtoy* v. *City of St. Albans*, 132 Vt. 503, 504, 321 A.2d 45 (1974). With respect to the enforceability of the advertised promise, the plaintiffs are not parties to a dispute with the defendant Curran. Their personal or property rights are not adversely affected in a manner different from the public generally. An order or judgment from this Court would not resolve any presently subsisting justiciable dispute between the parties. Therefore, the judgment must be limited to the denial of the relief requested on this issue. *Robtoy* v. *City of St. Albans, supra*, 132 Vt. 503, 506, 321 A.2d 45 (1974). The action was properly dismissed below.

*Judgment affirmed.*