In Re: Leo O'Brien and Daniel O'Brien, No. S1146-01 Cncv (Katz, J., Feb. 5, 2004)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT
Chittenden County, ss.:

S1147-01 CnC


IN RE LEO O'BRIEN & DANIEL J. O'BRIEN


ENTRY

This is a dispute over what constitutes ownership of land for the purposes of taxation under 32 V.S.A. § 3651. Landowners and the town of South Burlington have both moved for summary judgment based on a stipulated factual record.

Prior to 1997, Daniel and Leo O'Brien held a parcel of land in South Burlington as tenants in common. This land was physically divided by a road into a western and eastern parcel. For tax purposes, however, the City assessed the land as a single parcel because it had undivided ownership, the

O'Brien brothers. At the beginning of 1997, the O'Briens subdivided the eastern portion into three separate lots. As ownership remained unchanged, their tax listing remained single parcel. In mid-December 1997, the O'Briens formed the O'Brien Family Limited Partnership. Everyone agrees that this partnership is a separate legal entity from the O'Brien brothers and any of their other partnerships. One week following the formation of the partnership, the O'Briens transferred all right, title, and interest in only one of the subdivided lots and the western parcel to the partnership by warranty deed. For the next three years the City continued to list the all four properties as a single tax parcel. In 2001, however, the property was separately listed based on the two forms of record title and taxed accordingly.

The O'Briens appeal this listing by claiming that they have retained the beneficial interest in the property and any valuation or taxation should reflect this reality. They rely on the fact that while full and alienable ownership rests in the partnership, it is really nothing more than the O'Brien brothers, who are its only partners and who will ultimately garner any benefit from these parcels. This may be deemed the piercing-the-partnership argument. But 32 V.S.A. § 3651 does not require the listers to make such complicated inquiries into ownership. Robtoy v. City of St. Albans, 132 Vt. 503, 505 (1974) (stating that the legislature intended to make it "as simple and easy as possible" for listers to determine ownership).

There is no dispute that the O'Briens transferred ownership of two parcels of land to a separate legal entity in December 1997. There is also no dispute that the O'Briens did not retain any legal interest in this land through a trust mechanism or lease. Their situation is inapposite to Middlebury College v. Town of Handcock, 115 Vt. 157 (1947), where the college was found not to have the beneficial ownership necessary for

taxation because it held the lands in question as trustee and subject to a written trust. Beneficial ownership had been explicitly excluded from the college and reserved for another group. The O'Briens, in contrast, did not reserve any right of ownership from the partnership. Nor did they make or record any kind of lease agreement with themselves that might have provided the listers with an alternative for their decision. See San Remo Realty Corp. v. City of Montpelier, 130 Vt. 607, 612 (1972) (noting that the trial court utilized the exact same records as the listers but arrived at a different conclusion that was bolstered with, not founded on, further unrecorded agreements). The idea that city listers must pierce a partnership to examine who really controls and possess land is simply not supported by statute or caselaw. See Town of Brattleboro v. Smith, 117 Vt. 425, 429 (1952) (emphasizing the broad meaning of owner given by the legislature to make the job of listers simple and easy).

Finally, the O'Briens argue that their property transfer tax exemption, under 32 V.S.A. § 9603(15), should be dispositive in the land records to demonstrate their retention of beneficial interest. We disagree. The exemption granted under § 9603(15) does not deal with ownership or possession, it merely allows an exemption for land contributed to a new partnership without a sale. In this case, there is no question that full ownership was transferred. That the O'Briens, as the only real persons behind all of the partnerships, will eventually reap any profits and make all decisions is irrelevant as that can change with new partners or alterations in the partnership agreement. To grant the O'Briens' motion would then force city listers to look beyond the land records to the unrecorded politics of individual partnerships, an impossible burden that exceeds their duty under the statute. Robtoy, 132 Vt. at 505. The fact remains that full ownership in the two subject parcels was transferred and no right or interest was legally retained by the O'Briens. As such, the City of South Burlington is

fully within its statutory power to value the parcels separately according to ownership.

Based on the foregoing, the O'Brien's motion for summary judgment is denied. The City of South Burlington's motion for summary judgment is granted.

Dated at Burlington, Vermont_____, 2004.


_____
Judge