Mathieu v. Town of Westford, No. S0354-12  CnC (Crawford, J., Aug. 13, 2012)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                               CIVIL DIVISION
Chittenden Unit                                              Docket No. S0354-12 CnC


LIONEL L. MATHIEU and
NANCY J. RUSSIN
        Plaintiffs


        v.


TOWN OF WESTFORD
        Defendant


DECISION ON MOTION FOR SUMMARY JUDGMENT


        Pursuant to V.R.C.P. 75, plaintiffs Lionel L. Mathieu and Nancy J. Russin appeal the Town of Westford Board of Abatement's decision to deny their request for tax abatement on their mobile home, which they moved from the Town of Westford to the Town of Milton in late May 2011.  The Town of Westford (the Town) moves for summary judgment, arguing that the mobile home was properly included in the Town's 2011–2012 grand list because the home was located within the Town on April 1, 2011, and that abatement would unjustly enrich the plaintiffs by allowing them to avoid any property tax on the home for 2011–2012.  Plaintiffs oppose the motion,[1] arguing that April 1, 2011 is only the beginning of the process to develop a grand list, and that a bill of sale issued pursuant to 9 V.S.A. § 2602(b) would have informed the Town's listers in time to remove the home from the Town's 2011–2012 grand list.


BACKGROUND


        The following facts are undisputed except where noted.  On April 1, 2011, plaintiffs owned a mobile home located on leased land in the Town of Westford.  Plaintiffs assert that, in April 2011, they notified the Westford Town Clerk and the Zoning Administrator that they were moving their mobile home to the Town of Milton.  The Town maintains that plaintiffs' comments to Town officials about moving were "aspirational, stated in the future tense, rather than declarative."  Mot. for Summ. J. at 5 (filed May 23, 2012).  It appears undisputed that the Town officials did not advise plaintiffs of the need, pursuant to 9 V.S.A. § 2602(b) (Cum. Supp. 2011), for a Uniform Mobile Home Bill of Sale prior to relocating the home.


        It is undisputed that, on or about May 30, 2011, plaintiffs moved their mobile home to the Town of Milton.  Plaintiffs did not submit a Uniform Mobile Home Bill of Sale to the Westford

---

[1] The Town asserts that plaintiffs' opposition (filed June 25, 2012) is untimely pursuant to V.R.C.P. 56(b), since it was filed more than 30 days after the Town served its motion for summary judgment on May 21, 2012.  The court will consider the opposition since it is only slightly untimely, and since all parties have briefed the merits.  In the future, counsel for the plaintiffs should be mindful of the time limitations in the Rules, and should seek timely enlargement pursuant to V.R.C.P. 6(b) if necessary.

Town Clerk. The Town of Westford Board of Listers included plaintiffs' mobile home in the grand list for the 2011–2012 fiscal year, and the Town assessed taxes on the plaintiffs' mobile home for that fiscal year.

PROCEDURAL HISTORY

In a letter dated February 16, 2012, plaintiffs wrote to the Town of Westford's Board of Abatement and requested an abatement of taxes for the fiscal year ending June 30, 2012. They argued that a Uniform Mobile Home Bill of Sale would have prompted the Town Clerk to notify the listers to remove the mobile home from the 2011–2012 grand list, and that their mobile home was not located in the Town of Westford when the grand list was set on June 29, 2011.

In a letter dated March 8, 2012, the Westford Board of Abatement informed plaintiffs that it had decided to deny their request. The Board reasoned that there was no error in listing and taxing the mobile home in the 2011–2012 fiscal year because the home was located in Westford as of April 1, 2011. This appeal followed.

ANALYSIS

Certain amendments to 9 V.S.A. § 2602 became effective on September 1, 2010, under which, prior to physically relocating a mobile home to another town, the owner must provide a completed but unexecuted copy of a "mobile home uniform bill of sale" to the town clerk in which the home is located. 9 V.S.A. § 2602(b)(1), (7).[2] That requirement has little bearing on this case. It is true that, had those requirements been followed, the Westford Town Clerk might have learned that the mobile home was moved out of the Town on May 30, 2011—prior to the start of the 2011–2012 fiscal year. See 32 V.S.A. § 1 (fiscal year for tax purposes commences on July 1 and ends on June 30). Alternatively, on plaintiffs' facts, the clerk had oral notice of the move. However, to the extent that either of those circumstances might have informed the Westford listers of the move prior to June 30, 2011, it would not have caused them to remove the mobile home from the Westford grand list.

Pursuant to 32 V.S.A. § 3651, "[t]axable real estate shall be set in the list to the last owner or possessor thereof on April 1 in each year in the town, village, school and fire district where it is situated." This statute sets the date on which the listers are required to list the property for tax purposes. See *Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamaica*, 2005 VT 16, ¶ 35, 178 Vt. 35 ("Our statutory scheme requires the listers to assess taxable property as of April 1 for the ensuing year." (citing § 3651 and *Robtoy v. City of St. Albans*, 132 Vt. 503, 505 (1974))). In short, events that occur after April 1 have no impact on the tax assessment for that year. See *id*. ¶ 37 (summarily rejecting arguments concerning the effect on the 2002 tax assessment on changes to property made after April 1, 2002).

---

[2] Prior to September 1, 2010, a similar requirement applied, although it appeared in 32 V.S.A. § 5079(b) (repealed effective Sept. 1, 2010) ("An owner of a mobile home . . . may not . . . move the home without a mobile home uniform bill of sale endorsed by the clerk of the municipality in which it is located.").

Similarly, just because a corporation might learn that a shareholder sold all of her shares after the record date for an upcoming shareholder meeting does not mean the corporation bars that shareholder from the meeting—the fact that the shareholder held stock on the record date entitles her to vote at the meeting. See 11A V.S.A. § 1.40(17) (defining "record date"). This case involves an obligation (to pay taxes) rather than a privilege (to vote shares), but the principle is the same: there is a need to set a date on which to evaluate the obligation or privilege because otherwise the process would be unworkable. The Legislature intended to make the listers' work as simple and easy as possible. *Robtoy*, 132 Vt. at 505. Requiring them to make this kind of adjustment to the grand list right up until the beginning of the next fiscal year would frustrate that intent.

This is not to say that the listers make no changes to the grand list between April 1 and June 30 of each year. As plaintiffs point out, the law mentions that "corrections in the abstracts" of the grand list are to be made on or before June 25 (as extended by 32 V.S.A. § 4341). 32 V.S.A. § 4151(a). For example, the abstract is corrected when the listers discover an error or omission, *id.* § 4111(f), or when a taxpayer's grievance is successful, *id.* § 4221. However, nothing in the tax statutes suggests that any such "corrections" include altering the list for real estate that moved out of the municipality after April 1. The presence of the plaintiffs' mobile home on the Westford abstract was not an "error" that needed to be "corrected" because it belonged on the grand list pursuant to 32 V.S.A. § 3651.

This result does not unjustly enrich the Town of Westford. It is true that plaintiffs did not reside in Westford for any part of fiscal year 2011–2012. Under the statutory scheme, however, that does not mean that plaintiffs owed no taxes to the Town for that fiscal year. Since the mobile home was located in Westford on April 1, 2011, it was properly included on the Westford grand list. Of course, this means that a mobile home owner might, as here, end up paying property taxes to a municipality even though she spent the entire fiscal year living in a different municipality. This might seem odd, since the owner presumably receives more public services from the new municipality, and many fewer public services from the municipality she left. The sword cuts two ways, however, because in that circumstance the owner receives public services from the new municipality for a year before making her first property tax payment to that municipality. Here, because the mobile home was *not* in Milton on April 1, 2011, Milton did not include it on the Milton grand list for fiscal year 2011–2012. Ultimately, neither the plaintiffs nor the towns in this case are unjustly impoverished or enriched.

ORDER

The Town of Westford's motion for summary judgment is granted. The decision of the Westford Board of Abatement dated March 8, 2012 is affirmed.

Dated at Burlington this ___ day of August 2012.

_____
Geoffrey W. Crawford
Superior Court Judge

3