Filed 12/07/23

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03803

**Jeffrey Rivard v. State of Vermont**

# ENTRY REGARDING MOTION

Title: Motion to Dismiss and Motion for Limited Appearance for Defendant, State of Vermont (Motion: 3)
Filer: Zachary Chen
Filed Date: October 10, 2023

The matter before the court is Plaintiff Jeffrey Rivard's request for declaratory judgment. Defendant State of Vermont moves to dismiss the matter pursuant to V.R.C.P. 12(b)(4) for insufficient process, V.R.C.P. 12(b)(5) for insufficient service of process; or, in the alternative, for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to V.R.C.P. 12(b)(6). Plaintiff opposes the motion. For the following reasons, Defendant's motion is GRANTED.

## I. Background

On September 12, 2023, Plaintiff filed a document titled "Construal," which sets forth Plaintiff's claims. Construal dated September 12, 2023. The document is subtitled "Declaratory Judgment," captioned 1370-11-19 Wmcr, which, as Plaintiff makes clear, is a criminal case against him, and he identifies himself as "Defendant."[1] The "Construal" explains that Plaintiff

> pray[s] for declaratory judgment regarding [his] rights and relative to [his] probative relations as it pertains to probate, family, and equity law in view of statute relative thereunder and within the matter of the criminal docket and so … seek[s] a declaration of such rights, status, and legal relations.

Construal at 1. The document generally rehearses the events surrounding Plaintiff's criminal trial (1370-11-19 Wmcr) and highlights several issues that Plaintiff sees as "disproven," "defective," "improperly ordered," or otherwise unjust and problematic. *Id*. 1 *et seq*. In particular, Plaintiff's main issue appears to be with the "bail conditions" in 1370-11-19 Wmcr. *Id*. at 3, 5, 6. Plaintiff asserts that they were "improperly ordered" and "[improperly] upheld." *Id*. at 6. Specifically, Plaintiff disputes the legality of a 'no contact' condition of release ordered on December 19, 2019. *Id*. at 4. However, Plaintiff's "Construal" also highlights several other issues. Plaintiff alleges that his domestic assault charge from

---

[1] Plaintiff begins his "Construal" by proclaiming: "I, Jeffrey Rivard, named defendant within 1370-11-19 docketed with Windham Criminal Division of Brattleboro–Vermont Superior Court …." Construal at 1.

November 19, 2019, was "defective," because it included a "false sworn misrepresentation." Construal at 2.  The misrepresentation, Plaintiff alleges, is that Officer Winkler's citation included a statement: "A child tried to intervene in and stop an assault.[,]" even though, no such statement, according to Plaintiff, is supported by the record. *Id*.  Moreover, Plaintiff alleges that the State's evidence at trial did not support a conclusion that his child ever witnessed him committing an assault. *Id*.  The "Construal" even goes on to speculate that "it was probably an accident [that Plaintiff was] found guilty by a jury." *Id*. at 3.  Indeed, Plaintiff submits that his conviction, "in hindsight," was "effectively disproven." *Id*. at 6.  Plaintiff also alleges that the Windham County Deputy State's Attorney Nevins, "without any lawful or factual basis," opposed "contact," which the court later "denied." *Id*. at 5.  The "Construal" then summarizes that "it is the history of these matters [that requires] review for declaratory judgment." *Id*. at 6.

On October 10, 2023, Defendant filed a motion to dismiss. Defendant's Motion for Limited Appearance and to Dismiss dated October 10, 2023.  Defendant "move[s] to dismiss the matter for insufficient process pursuant to V.R.C.P. 12(b)(4) and insufficient service of process pursuant to V.R.C.P. 12(b)(5); or, in the alternative, for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to V.R.C.P. 12(b)(6)." *Id*. 1.  The motion asserts that although Plaintiff served on the State "the first three pages of his 'Construal' and 'Brief for Review'; and a blank copy of a judiciary form, 'Notice of Appearance for Self-Represented Party,'" he "did not attach a blank Answer form to the documents." *Id*. at 3.  Defendant argues that "Plaintiff's filing a full copy of his 'Construal' and 'Brief for Review' with this Court—i.e., an entity within the Judicial Branch—does not equate to having served it upon the appropriate office within the Executive Branch." *Id*. at 6.  Additionally, the motion states that "the documents from the 'Construal' and 'Brief for Review' are unsigned." *Id*.  In the alternative, Defendant asserts that "even if this Court deems the State properly served with sufficient process, … this Court still would not have subject matter jurisdiction over the claims that Plaintiff raises in his 'Construal' and 'Brief for Review' because this Court does not have subject matter jurisdiction over appeals from criminal proceedings." *Id*. at 8.  Defendant also argues that "[e]ven if this Court could exercise subject matter jurisdiction over this action, Plaintiff has not articulated any cognizable claim." *Id*. at 11.  On October 10, 2023, Plaintiff filed his response that opposes Defendant's motion. See Response to Motion For Limited Appearance And To Dismiss dated October 10, 2023.

## II. Analysis

As a preliminary matter, the court affords Plaintiff leeway with respect to the service of process. The court's record shows that Plaintiff has made every effort to properly serve Defendant and to the extent that the initial service of process was insufficient, the court accepts Plaintiff's attempt to correct it and finds that Defendant was properly served. See Response to Motion for Limited Appearance and to Dismiss at 4.  The court next addresses Defendant's motion to dismiss for lack of subject matter jurisdiction.

Pursuant to V.R.C.P. 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "A court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction." *Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). See also V.R.E. 201.[2] Accordingly, the court takes judicial notice of "proceedings in 1370-11-19 Wmcr and the existence of the ensuing appeal … because they demonstrate this [c]ourt's lack of subject matter jurisdiction over the issues Plaintiff attempts to articulate in his 'Construal' and 'Brief for Review.'" Motion for Limited Appearance And To Dismiss at 9.

Plaintiff asserts in his "Construal," that he is seeking a "declaratory judgment regarding [his] rights and relative to [his] probative relations as it pertains to probate, family, and equity law in view of statute relative thereunder and within the matter of the criminal docket …." Construal at 1. "The purpose of a declaratory judgment is to 'provide a declaration of rights, status, and other legal relations of parties to an actual or justiciable controversy.'" *Doria v. University of Vermont*, 156 Vt. 114, 117 (1991) (quoting *Robtoy v. City of St. Albans*, 132 Vt. 503, 504 (1974)). However, "[u]nless an actual or justiciable controversy is present, a declaratory judgment is merely an advisory opinion which [courts] lack the constitutional authority to render." *Id*. (citing *Lace v. University of Vermont*, 131 Vt. 170, 175 (1973)). Thus, declaratory relief is available only when a party is suffering from "the threat of actual injury to a protected legal interest." *Town of Cavendish v. Vermont Pub. Power Supply Auth.*, 141 Vt. 144, 147.

And although it might appear that Plaintiff's claims for "declaratory judgment" would fall squarely under Vermont's Declaratory Judgments Act, see 12 V.S.A. §§ 4711–4725,[3] in essence, Plaintiff here is effectively seeking an appeal of his conviction in 1370-11-19 Wmcr. Indeed, throughout the "Construal," Plaintiff merely rehearses the events underlying his conviction in 1370-11-19 Wmcr and, as mentioned above, describes what issues he sees as "disproven," "defective," "improperly ordered," or otherwise unjust and problematic. In particular, Plaintiff seems to be challenging the validity of the conditions of release ordered in 1370-11-19 Wmcr and his conviction. However, Plaintiff also disputes the State's evidence and criticizes the Windham County Deputy State's Attorney's overall performance in that matter. See Construal at 2 *et seq*.

Under the Vermont Constitution, "[t]he judicial power of the State [is] vested in a unified judicial system which [is] composed of a Supreme Court, a Superior Court, and such other subordinate courts as the General Assembly may from time to time ordain and establish." Vt. Const. ch. II, § 4. The Vermont

---

[2] V.R.E. 201 states

> …
>
> (b) … A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> …
>
> (d) … A court shall take judicial notice if requested by a party and supplied with the necessary information.
>
> …
>
> (f) … Judicial notice may be taken at any stage of the proceeding.
>
> ….

[3] Plaintiff even appears to adopt the terminology of Vermont's Declaratory Judgments Act by labeling his complaint "Construal" and referring to 'liberal construction' of declaratory judgments. See e.g., Response to Motion For Limited Appearance And To Dismiss at 4.

Supreme Court's jurisdiction is derived from the Constitution, which states that this court "shall exercise appellate jurisdiction in all cases, criminal and civil, under such terms and conditions as it shall specify in rules not inconsistent with law." *Id*. ch. II, § 30. Conversely, trial courts have "jurisdiction as provided by law," *Id*. ch. II, § 31, meaning their jurisdiction is "shaped by the [L]egislature." *In re Mountain Top Inn & Resort*, 2020 VT 57, ¶ 24, 212 Vt. 554 (quoting *State v. Saari*, 152 Vt. 510, 518 (1989)). Pursuant to 4 V.S.A. § 31, the civil division has

(1) original and exclusive jurisdiction of all original civil actions, except as otherwise provided in sections 2, 32, 33, 34, 35, and 1102 of this title; [and]

(2) appellate jurisdiction of causes, civil and criminal, *appealable* to the court;

…

(emphasis supplied). Meanwhile, statute also specifies that the Vermont Supreme Court has "*exclusive* jurisdiction of appeals from judgments, rulings, and orders of the Superior Court … unless otherwise provided by law." 4 V.S.A. § 2(a) (emphasis supplied). And since Plaintiff's "Construal" is essentially asking the civil division to review the decision of the criminal division in 1370-11-19 Wmcr, this court cannot address Plaintiff's demands because it lacks the subject matter jurisdiction over appeals from the criminal division.[4] Accordingly, as Defendant correctly observes, "the Vermont Supreme Court's exclusive jurisdiction over appeals from final judgments precludes this [c]ourt from reviewing the verdict and sentence in 1370-11-19 Wmcr …." Motion for Limited Appearance And To Dismiss at 10.

To the extent that Plaintiff seeks this court to review the conditions of release in 1370-11-19 Wmcr imposed on August 15, 2023, pursuant to 13 V.S.A. § 7556(b), Plaintiff should instead "appeal … to … a single Justice of the Supreme Court who may hear the matter or at his or her discretion refer it to the entire Supreme Court for hearing."

**Order**

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1) is GRANTED and the court need not reach the alternative arguments.

**Signed electronically December 7, 2023 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**

---

[4] Moreover, Plaintiff has also already appealed 1370-11-19 Wmcr in the Vermont Supreme Court and the case is currently pending as 23-AP-289. See Motion For Limited Appearance And To Dismiss at 9.