# Village of Lyndonville v. Town of Burke, Town of East Haven, and Town of Groton

[505 A.2d 1207]

No. 83-492

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed December 13, 1985

*Emily S. Davis* and *James C. Gallagher* of *Downs Rachlin & Martin*, St. Johnsbury, for Plaintiff-Appellant.

*Charles T. Shea* and *Norman Williams* of *Gravel, Shea & Wright, Ltd.*, Burlington, for Defendant-Appellee.

**Peck, J.** This is an appeal before final judgment, pursuant to V.R.A.P. 5(a), for decision of the following issue:

On the basis of the stipulated facts of this case, may the Defendant [Town of Burke] assess a tax on electrical distribution and transmission lines located on rights of way

within its boundaries, when such lines belong to a utility owned by the Plaintiff [Town of Lyndonville]?

We hold that defendant may assess the tax pursuant to 32 V.S.A. § 3617.

Based on the stipulation, the facts are as follows. Plaintiff operates an electric utility named Lyndonville Electric Department (LED) which serves approximately 3600 cuustomers, 760 of whom reside within the Town of Burke. Within the limits of the Town of Burke LED has run approximately 50 miles of electric transmission and distribution lines through which the electricity travels to service LED's customers. The "lines" include wires, poles, insulators, anchors and guy wires. LED positions the lines on 50- or 100-foot wide easements in gross or rights-of-way granted by various owners of land in fee simple. Defendant has never levied a real estate tax against LED on the easements in gross or rights-of-way. Rather, defendant has always taxed the third-party owner in fee, unless, of course, the property was owned by a tax-exempt organization.

In recent years the rights-of-way have been conveyed using a standard form. The terms contained in the form give LED "the perpetual right . . . to . . . remove a line or lines of poles . . . ." The parties further stipulated that "[t]he removal of line can be accomplished without substantially affecting the value of the underlying land."

In 1979 the defendant assessed a tax on plaintiff's electric distribution and transmission lines located in the Town of Burke. LED paid the tax under protest and otherwise complied with the appropriate statutory provisions in order to challenge the validity of the tax. Plaintiff filed an action for declaratory and injunctive relief in superior court challenging the validity of the tax.

I.

In answering the question presented, we must first consider the applicability of 32 V.S.A § 3659, which provides:

Land and buildings of a municipal corporation, whether acquired by purchase or condemnation and situated outside of its territorial limits shall be taxed by the municipality in which such land is situated. Said land shall be set to such municipal corporation in the grand list of the town or city in

which such real estate is located at the value fixed in the appraisal next preceding the date of acquisition of such property and taxed on such valuation. The value fixed on such property at each appraisal thereafter shall be the same per acre as the value fixed on similar property in the town or city. Improvements made subsequent to the acquisition of the land shall not be taxed; except that an additional tax not to exceed seventy-five per cent of the appraisal of the land may be levied in lieu of a personal property tax.

■  Plaintiff argues that the rights-of-way and easements in gross held by LED in Burke constitute "land" under § 3659. Further, plaintiff contends, the lines are "improvements" to that land. Thus, according to plaintiff, under § 3659 the lines (improvements) installed "subsequent to the acquisition of the land [(the easements in gross and rights-of-way)] shall not be taxed." *Id.* We disagree and hold that the rights-of-way and easements in gross considered here are not "land" under § 3659 and therefore § 3659 does not apply.

Under the tax law, "[t]axable real estate shall be set in the list to the last owner or possessor thereof . . . ." 32 V.S.A. § 3651. In this case, the owners in fee simple, unless exempted by statute, have been taxed on the land over which plaintiff holds easements in gross or rights-of-way. If, as plaintiff suggests, LED's easements in gross and rights-of-way are "land" under § 3659, it follows that the Town of Burke must tax the easement holders and not the holders in fee. The listers' task, if plaintiff's argument held, would become much more complex and difficult; instead of listing the titleholder or possessor of the property, those holding easements in gross and rights-of-way would have to be identified and taxed. Further, the tax of the owner in fee or possessor would have to be adjusted accordingly. This result would be contrary to the purpose of the statute.

The primary purpose of [§ 3651's predecessor] is to provide for the listing of real estate for taxation purposes. It seems reasonable to conclude that the Legislature intended to make the carryng out of this purpose as simple and easy as possible for the listers and that it evidenced this intention by the use of the unqualified word "owner" so that the listers could properly list property to any person who was an owner of it within the generally accepted meaning of that

word. It seems to us that this intention is also evidenced by permitting the listing to either an owner or a possessor of the property. It appears unreasonable to conclude that the Legislature intended to cast upon the listers the burden of determining the nature of the titles of various owners of different interests in a piece of real estate . . . .

*Town of Brattleboro* v. *Smith*, 117 Vt. 425, 429, 94 A.2d 407, 410 (1953). See Restatement of Property § 509 comment c (1944) (when a tax is levied upon land, specific tracts which are encumbered by easements in gross are assessed upon the basis of their value as unencumbered land). Also see Restatement of Property, *id.*, at comment e (assessment of various legal interests, for tax purposes, produces an "exceedingly complicated tax structure" and is attempted only in exceptional situations).

For the purpose of the Vermont property tax law, we conclude that easements in gross and rights-of-way are not "land" or "real estate." We recognize that "the holding of a fee simple estate is not necessary to incur liability for taxes assessed against property." *Robtoy* v. *City of St. Albans*, 132 Vt. 503, 505, 321 A.2d 45, 47 (1974). We only hold that the easements in gross and rights-of-way as held by LED are not separately taxable as land or real estate under § 3659. Accordingly, because in acquiring the easements in gross and rights-of-way in Burke LED did not acquire "land," the lines installed on those easements and rights of way are *not* tax exempt as "[i]mprovements made subsequent to the acquisition of the *land.*" 32 V.S.A. § 3659 (emphasis added).

## II.

Second, we consider whether the lines owned by LED are taxable as personal property. Under 32 V.S.A. § 3617 "business personal property" may be taxed by a municipality. Under § 3618(c)(1) business personal property is defined, in pertinent part, as:

all personal property used or intended to be used . . . for the production, transmission, control or disposition of power [or] energy, . . . . "Business personal property" does not include inventory, or goods and chattels so affixed to real property as to have become part thereof, and which are

therefore not severable or removable without material injury to the real property.

LED's lines constitute property used for the transmission of power and therefore are "business personal property," at least in that they are property used for the transmission of power. However, "business personal property" does not include goods "affixed to real property as to have become part thereof, and which are therefore not severable or removable without material injury to the real property." *Id.* We hold that LED's lines are not so affixed to the real property as to become part thereof and, therefore, are business personal property and properly taxable by the Town of Burke under §§ 3617 and 3618.

When the Legislature excluded certain goods from the definition of business personal property in § 3618, it, in effect, excluded those goods which have become fixtures.* Just as § 3618 works to divest certain goods of their identity as "business personal property," at common law, articles of personal property may become so annexed to the freehold that those articles lose their identity as chattels. *First National Bank* v. *Nativi*, 115 Vt. 15, 18, 49 A.2d 760, 762 (1946). With their identity as chattels lost, articles of personal property usually are classed "real estate." *Sherburne Corp.* v. *Town of Sherburne*, 124 Vt. 481, 483, 207 A.2d 125, 127 (1965). In *Sherburne* we applied a three-part test in deciding whether a ski lift was a fixture. We find the same test helpful in determining whether LED's lines are "so affixed to real property" that they may not be characterized as "business personal property" under § 3618(c)(1).

In *Sherburne*, in deciding how to characterize the ski lift, we considered: "(1) the annexation, actual or constructive, of the article to the real estate; (2) its adaptation to the use of the realty to which it is annexed; and (3) whether or not the annexation has been made with the intention to make it a permanent accession to the freehold." *Sherburne Corp., supra,* at 484, 207 A.2d at 127. In *Sherburne* we held the ski lift's annexation to the property

---

* A fixture is an article "in the nature of personal property which has been so annexed to the realty that it is regarded as a part of the land." Black's Law Dictionary 574 (rev. 5th ed. 1979). In enacting 32 V.S.A. § 3618(c)(1) the Legislature declared that "business personal property" is *not* goods which have become "so affixed to real property as to have become part therof"; in effect, § 3618(c)(1) provides that all property which would otherwise be "business personal property" is not such property if it has become a fixture.

satisfied the first two criteria. We then considered the third factor, labelling as "crucial" the intent of the parties; if the intention to make the chattel a permanent accession is doubtful, it remains a chattel. *Id.* In considering the intent of the parties the Court looked to a lease which allowed the installation of the lifts. The lease provided that the lessee, who installed the lifts, could not remove them in any event. The Court found this fact dispositive; the parties' intent that the lifts could not be removed by the lessee worked to remove the lifts from the class of personalty, and made them part and parcel of the real estate. *Id.* at 486, 207 A.2d at 128.

■ The facts in the instant case, however, indicate that LED retained the authority to remove the lines from the land. The stipulated facts indicate that pursuant to the terms of the standard form used to convey the easements or rights of way to LED, LED has the "perpetual right to . . . remove a line or line of poles . . . ." LED's right to remove the lines indicates there was no intent to make the lines a permanent accession to the land. Thus, the lines were not "so affixed to the real property as to have become part thereof," 32 V.S.A. § 3618(c)(1), and therefore are properly classed as "business personal property" and legally taxable under § 3617.

Further, the parties stipulated that the lines could be removed "without substantially affecting the value of the underlying land." Thus, since LED could remove the lines "without material injury to the real property," the lines may be properly classed as "business personal property," 32 V.S.A. § 3618(c)(1).

*On the basis of the stipulated facts, defendant may assess a tax on plaintiff's distribution and electric lines under 32 V.S.A. § 3617.*